For the first time during the progress of this litigation, it was here objected that the allegation in the complaint, that the defendant was the proprietor of the New York Herald, without alleging that he published it, or was concerned in its publication, was insufficient to charge him with the consequences of which the plaintiff complains. It is enough to say, in answer, that it appeared upon the trial, without objection, that the defendant was the editor of that paper, and that the article complained of was written by his assistant. Instead, therefore, of allowing the objection to prevail, even if it was valid, it is our duty to conform the pleadings to the facts proved. (Code, § 172.) But without this proof, the objection cannot be sustained. (Andres v. Wells, 7 John., 260, 262, 263.)
Upon the trial, it was claimed that the alleged libel was the defendant's opinion of the plaintiff's character and qualifications as an officer; whether it was correct or not, he had the right, in good faith, to express it; and that the omission of the plaintiff to allege that it was done falsely and maliciously, was fatal to the complaint, and entitled the defendant to judgment. If the defendant's opinion of the plaintiff's character and qualifications as an officer had been contained in a remonstrance against his appointment to the office for which the defendant asserted he was a candidate, and had been presented to the appointing power, without an unnecessary publication in a newspaper, as in this instance, of wide circulation, the point would have been well made. As it is, he has been assailed through the columns of a public journal, as if he was a candidate for the suffrages of the people, and not of an appointing power, *Page 176 
consisting of a few persons. It was not, therefore, a privileged publication.
But it is insisted that notwithstanding the publication may not have been privileged, the complaint should have alleged that it was false or malicious. The law presumes it to be false, and where, as in this case, it is unambiguous and not capable of being understood in any other sense than as defamatory to an extent that must necessarily expose the plaintiff to contempt and ridicule, it is by implication of law malicious. (Cooke's Law ofDefamation, 28.) Such an allegation, though common and quite proper, is, where the law implies the fact, mere matter of form, the lack of which, since the adoption of the Code, forms no legal objection to a pleading. But if such an allegation was indispensable, it may be found in the complaint. The plaintiff alleged that the words and figures contained in the publication was a libel. What less is that than to say it was a malicious defamation?
The next and only remaining question arises upon the defendant's exception to the charge of the judge, that "the whole scope and import of the article was libelous."
The counsel for the defendant insists that the judge should have defined a libel to the jury, and then left it to them to say whether the publication came within his definition. I do not find, among the cases referred to by the defendant's counsel or elsewhere, one that goes the length of holding it to be error to charge that a publication, not susceptible of an innocent interpretation, is a libel. The case of Levi v. Milne (4Bing., 195), cited by the defendant's counsel, does not sustain his position, but is rather an authority the other way. In that case, BEST, Ch. J., charged the jury that the publication was "clearly a libel," and because the jury found it was not, the verdict was set aside; all the judges agreeing that the charge was right and the verdict wrong. In Baylis v. Lawrence (11Adolph. Ellis, 920), the question was not whether it was error to charge that the publication was a libel, but whether upon that question the judge was bound to charge one way or *Page 177 
the other; and it was held that he was not, but that he was not precluded from giving his opinion.
In a subsequent case, Tuson v. Evans (12 Adolph. Ellis,
733), MAULE, J., charged that the publication in that case was a libel, and the charge was upheld by Lord DENMAN, who delivered the opinion of the court. It is worthy of remark that Lord DENMAN, in Baylis v. Lawrence (supra), held that a judge was not bound to charge whether or not a publication was a libel; and in Tuson v. Evans, upheld a charge that the publication there complained of was a libel, and that the only question for the jury was the amount of damages. So that the rule upon this subject, as settled in England, is, that the judge is at liberty to charge or omit to charge, as he may think proper, notwithstanding the request of counsel. All these were cases, like the one under consideration, where the words, if spoken, would not have been actionable; and, so far as they go, they are authorities for an affirmance, rather than a reversal, of this judgment. I cannot concur, however, in the idea they seem to establish, that the judge may or may not, as he pleases, charge a jury as to whether a publication is libelous, especially if it be free from ambiguity. The rule is so well settled that it has become a maxim, that "it is the office of a judge to instruct the jury in points of law." That office he should perform whenever a legal proposition arises.
The counsel for the defendant did not pretend that this publication, if not privileged, was susceptible of an innocent interpretation. It clearly was not, and as it admitted of no just construction except one injurious to the plaintiff, it was a question to be determined by the judge, unless by statute it is made a question in all its aspects, whether of law or fact, to be judged of by the jury. Our statute upon this subject is copied from the Constitution of 1821, which provides that in all prosecutions or indictments for libel the jury shall have the right to determine the law and the fact. (Const., art. 7, § 8; 1 R.S., 94, § 21.) Whether this provision was intended to include prosecutions in civil cases, is a point upon which there has been, in a single case, some disagreement. *Page 178 
(Dolloway v. Turrill, 26 Wend., 383.) The main question litigated on the trials in that case, as well as upon the argument before the Supreme Court, was whether the publication was susceptible of an innocent construction; but when the case came before the Court for the Correction of Errors, one of the members of that court raised the question, and, without its being argued, it was held by that member and one other that the provision referred to applied to civil cases. Against such an interpretation of that provision the Chancellor protested, and not only expressed his surprise, but said he would venture to say that no lawyer had ever before supposed that provision extended to civil suits. The judgment of the Supreme Court was reversed; but whether the idea that the provision referred to extended to civil suits influenced more than the votes of the two members of the court who expressed opinions to that effect, the case does not show.
If this provision of the Constitution applied to civil cases, there would be no necessity of setting up a justification in an answer; for without it a defendant could give the truth in evidence. (Const., art. 1, § 8.) Another result would necessarily flow from extending it to such cases, and that is, when the truth of the publication is established a defendant would have to go further and prove that the publication was made with good motives and for justifiable ends. Then he is, in the language of the Constitution, to be acquitted. Although in strictness of law when a defendant in an action for a tort has a verdict in his favor, he may be said to be acquitted, yet in that sense the use of the word is not common. But in cases of criminal prosecutions and indictments it is common, and beyond them it is quite clear that the framers of the Constitution did not mean to extend it, and to save all question hereafter on the subject as to the intention of the framers of our present Constitution, the word `criminal' is inserted and precedes the words `prosecutions' or `indictment.' (Art. 1, § 8.) This publication not being privileged, nor susceptible of an innocent construction, the judge was not only right but it was his duty to decide that it was a libel, and so charge the jury *Page 179 
(Lewis Herrick v. Chapman, 16 N.Y., 369-371, and casesthere cited.) The judgment should, therefore, be affirmed.
All the judges concurring,
Judgment affirmed.