Brinkerhorr, C. J.
That in cases of tort, where express malice *is shown to have prompted the wrong complained of, the law, instead of adhering to the rule of compensation merely, permits a jury to go further, and, blending together the interest of society and of the individual aggrieved, to give damage not only to recompense the sufferer, but to punish the offender, is a doctrine which has of late been questioned. 2 Greenl. on Ev., sec. 253. But it seems to us, that if any thing can be settled by judicial decision and long and general practice, this doctrine must be regarded as thus settled. A review of the cases on the point would be a work of supererogation. That labor has been well done for us by Mr. Sedgwick, in his work on the Measure of Damages, page 455, et seq. See also, Hunt v. Bennett, 19 N.Y. 173. The rule was distinctly recognized in Stevens v. Handly, Wright, 121, and in Simpson v. McCaffrey, 13 Ohio, 522; and ever since either of us have had any acquaintance with the jurisprudence of Ohio, the rule has been considered, so far as we know, established and elementary. If an alteration of the rule were deemed desirable, therefore, it would come more properly from the legislature than from us. But we are not prepared to recommend any such alteration. In a case of this kind, twelve intelligent and impartial men, acting under oath, and subject, in a proper case, to the control of the court, are not likely to-do any great wrong; and it seems to us that the power which this rule confers upon a jury, may, in practice, operate as a salutary restraint upon the evil passions of bad men.
The second question in this case is whether the defendant, having been punished criminally for the wrong complained of in the civil action, and that fact being given in evidence to the jury, the-rule is rendered inapplicable; or, in other words, whether the jury may nevertheless give exemplary damages?
*226 It is at least questionable whether evidence of the criminal conviction was not, as being res inter alois acta, entirely, incompetent. But if there was error here, it was in favor of the plaintiff in error; and so the question is not properly before us, and we therefore refrain from any attempt to pass upon it.
It seems that in England, whore the injured party prosecutes criminally for an assault and battery, and the defendant is convicted and fined, the party aggrieved receives a portion of the fine imposed; and in such a case, whore the injured party subsequently brings a civil suit for the battery, it was held that, having applied for and received his portion of the fine, he could recover only nominal damages. Jacks v. Bell, 3 Car. & Payne, 316. But the reason of that holding, resting upon the peculiar regulations mentioned, can have no application here.
The precise question before us has, however, been passed upon by the Supreme Court of New York, in Cook v. Ellis, 6 Hill, 466. That case was, in all its features, entirely analogous to the one at bar, except in this, that there the fine was shown to have been paid, while hero it does not appear whether the fine had been paid or the imprisonment inflicted or not.
In that case it was held, that “ though it appeared that the defendant had been prosecuted criminally for the same matter, and fined $250, which he had paid,” yet “ the plaintiff might nevertheless recover exemplary damages, if the jury thought proper to allow them.” And though those questions were not necessarily involved in the case, yet the court go on to express the opinion, that the fact of the defendant having been punished criminally for the «ame assault and battery, can not be given in evidence to mitigate the damages in the civil suit, if the plaintiff object; that whore a civil action and a criminal prosecution for the same assault and battery are pending at the same time, the court exercising the •criminal jurisdiction, after conviction in the criminal case, ought, with a view to the measure of punishment, to suspend judgment until *the decision in the civil action ; but that the proceedings in the civil action ought not to be stayed to await the event of the criminal prosecution. Upon these points we express no opinion : but from the holding of the court upon the point in the case necessary to its decision, we see no reason to dissent, and it is decisive of the second question made in the case before us.
The third and last question is, was it competent for the jury to *227 ■take into consideration and include reasonable fees of counselj properly employed by the pilaintiff, in their estimate of compensatory damages?
On this point the authorities are not uniform; but the .better opinion now seems to be, that in actions ex contractu, and in cases nominally in tort, but where no wrong in the moral sense of the •term is complained of, the fees of counsel ought not to be included in the estimate of damages; but in cases where the act complained of is tainted by fraud, or involves an ingredient of malice, or insult, the jury, which has power to punish, has necessarily the right to include the consideration of proper and reasonable counsel fees ;in their estimate of damages. Sedgwick on the Measure of Damages, 95-97; Linslay v. Bushnell, 15 Conn. 225; Noyes v. Ward, 19 Conn. 250; Marshall v. Betner, 17 Ala. 833. This rule has been recognized by the old Supreme Court of this state on the circuit. Stephens v. Handiy, Wright, above cited, and Sexton v. Todd, 316. And the rule seems to us to be in itself reasonable and just.
No evidence in this ease appears to have been given to the jury ■on the subject of counsel fees; nor do we think such evidence ought to have been given or received. But the fact that the plaintiff ■would necessarily be subjected to expenses of that kind, was properly taken into consideration and allowed, as a circumstance in the •case patent before them.
We see no error, either in the charge of the court below *or ■in its refusal to charge as requested, of which the plaintiff in error is entitled to take advantage. .

Judgment affirmed.

Scott, Sutlier, Peck, and Gt-iolson, JJ., concurred.