MARIA DE LA SALUD OVIEDO YOUNGER, APPELLANT, *v.* MARY ANN DUFFIÉ, RESPONDENT.

*Libel — when allegations in the complaint tending to show malice should not be stricken out.*

The complaint in an action for libel alleged that the defendant, after having been sued in another court by the plaintiff for slanderous charges similar to those to recover damages for which this action was brought, and after having in the said suit in open court retracted the same, did maliciously, purposely and wrongfully again utter the same false and defamatory matter. The court, upon the motion of the defendant, struck out from the complaint the allegations

relating to the commencement of the suit in another court and the retraction there made.

*Held*, that the allegations were evidently inserted for the purpose of showing malice on the part of the defendant, which, if the communication should be determined to be a privileged one, the plaintiff would be bound to prove upon the trial ; that the defendant could not be aggrieved by the insertion of the matter in the complaint, and the court erred in striking it out.

APPEAL by the plaintiff from an order of the Special Term, whereby certain portions of her complaint were stricken out as irrelevant and scandalous.

*Emmet R. Olcott*, for the appellant.

*F. R. Coudert* and *Jno. N. Lewis*, for the respondent.

BRADY, J. :

This action is brought to recover damages for an alleged libel. The complaint alleges that the defendant — after having been sued in another court by the plaintiff for similar alleged slanderous charges and after having in said suit in open court retracted the same, did maliciously, purposely and wrongfully, and, as the plaintiff is advised, without relevancy, materiality or pertinency utter, by means of writing, swear to, and substantially publish, and cause to be read in court and placed on the files of an office in the city of New York, open to all the public, the false and defamatory matter set up in the complaint. On her appearance the defendant moved to strike out from the complaint the allegations mentioned in reference to the commencement of a suit in another court, and the retraction alleged. The motion was granted and from that order the plaintiff appeals.

If the publication complained of were included within the class of privileged communications, the plaintiff could not recover without extrinsic proof of malice. (*Fry* v. *Bennett*, 28 N. Y., 327 ; *Hamilton* v. *Eno*, 81 id., 124.)

The rule is stated thus : That where a communication is made *bona fide* upon any subject-matter in which the party communicating has an interest, or in reference to which he has a duty either public or private, legal, moral or social, such communication, if made to a person having a corresponding interest or duty, rebuts the

inference of malice, and is privileged. When such is the case the *onus* of proving malice is thrown upon the plaintiff. (Moak's Underhill on Torts, 146, and cases cited.)

In an action for libel an averment, that the words published are a libel is a sufficient allegation of falsehood and malice. (*Hunt* v. *Bennett*, 19 N. Y., 173.) And in an action for slander where the slanderous statement is presumptively privileged, there must be a sufficient averment of malice to sustain the action, and a general averment that the words were spoken falsely and maliciously is a sufficient allegation of malice. (*Viele* v. *Gray*, 18 How. Pr. Rep., 550.)

The averment in the complaint which was stricken out on motion in the court below, was evidently inserted for the purpose of showing malice on the part of the defendant, and would be competent evidence on that subject upon the trial. If the communication should there be determined to be a privileged one, then it would be essential to the success of the plaintiff, as we have seen, that she should prove malice on the part of the defendant, and that would be *prima facie* established by showing the facts stated in the averments stricken out, namely, that a similar charge was made, and the prosecution failing the charge was retracted. It would certainly be evidence bearing upon the subject, and would be admissible. It would relate to an issue, namely, the existence of malice.

By section 545 of the Code of Civil Procedure, redundant or scandalous matter may be stricken out upon the motion of a party aggrieved thereby. This provision is similar to section 160 under the Code of Procedure, and the rule in reference to motions made under its provisions was that it must appear, in support of the motion, that some injury would result to the moving party if the matter sought to be expunged was suffered to remain. The moving party must be aggrieved by the retention of the redundant or irrelevant matter in the pleading. (See cases, 2 Wait's Prac., 483.) And where there is a doubt as to the necessity of inserting the matter sought to be stricken out as irrelevant or redundant, the motion was invariably denied. (See cases collated on this subject, same volume, p. 484.)

In this case the allegation which was stricken out is in effect an allegation of malice, and the defendant being advised of this element in that form, although it may contain what might otherwise be

regarded as evidence of malice, is not aggrieved by its presence in the complaint. It is a notification to her of a circumstance germain to the subject, which will be used against her on the trial. It would seem, therefore, to be advantageous, and not otherwise to the defendant to advise her that the circumstance mentioned in the averment would be resorted to in order to establish the ingredient of malice, which would be essential to the plaintiff's case if the libel complained of should, on the trial, be declared to be a privileged communication.

There is no doubt of the propriety, for the reasons assigned, of making the charge of malice in the complaint, and as there may be doubt as to the propriety of putting it in the form in which it seems to have been made, that doubt is sufficient to save the expunged matter from being stricken out as irrelevant or redundant. The pleading is substantially this : That the defendant having on a former occasion alleged the slanderous charges complained of, on being prosecuted withdrew them, but subsequently repeated them, and, therefore, did it maliciously, because the first publication of them was retracted. If it were not that this allegation is so blended with the element of malice, necessary probably to the plaintiff's case in one aspect of it, it might be stricken out perhaps with propriety.

Under all the circumstances therefore, and influenced by these rules of pleading, we think that the order below was erroneously made, and should be reversed.

Davis, P. J., and Daniels, J., concurred.

Order reversed, with ten dollars costs and disbursements.