Titus, J.
—This action is for false imprisonment in procuring the arrest of the plaintiff, who was a domestic in the employ of the defendant, for larceny. The case was submitted to the jury on conflicting evidence, and a verdict of $1,000 was rendered against the defendant. The, defendant claims that error was committed on the trial in the rulings of the court to the admission of evidence, and in refusals to charge as requested by the defendant.
The plaintiff’s coupsel moved to strike out certain evidence of the plaintiff, given on her cross-examination. The court declined to strike out, but said that he should direct the jury not to pay much attention to it.
The testimony was not material, but the witness was permitted to answer, and the testimony allowed to stand, and nothing further was said by the court about it to the jury, I do not think the suggestion of the court was error, as it is not apparent how the defendant was prejudiced by it.
It is claimed that the court erred in striking out certain answers given by the witness Davidson, on his cross-examination. It appears that the evidence stricken out was, later in the case, given by the same or other witnesses, and I do not think that the defendant was prejudiced, and if •error was committed, it was cured by the same or like testimony given later on in the trial, which was allowed to stand undisputed.
*11 The defendant’s counsel requested the court to charge ‘ That if the case is evenly balanced in the minds of the jury * * * so that weighing it in their minds, they cannot say which produced a preponderance of evidence, then the defendant is entitled to a verdict.” The court declined to charge in the language requested, but did charge that the jury must find, taking the whole evidence into consideration, the plaintiff has proved her case, that they must be satisfied from the evidence that the plaintiff has fairly proved her case. The court is not required to charge in the language requested or to indicate what amount of evidence the jury must have as long as they are given to understand that they must be satisfied from a fair preponderance of the evidence before the plaintiff is entitled to recover. Such was the fair import of the charge of the court, and all that was necessary. Holbrook v. The Utica R. R. Co., 12 N. Y., 236; O’Connell v. People, 87 id., 377.
Finally, the defendant claims error in submitting to the jury the question of exemplary damages.
This action is of a class of cases where the jury may, under proper instruction from the court, award exemplary damages, and the court, I think, correctly instructed and cautioned the jury as to their duty under the evidence, and laid down the correct rule of law. Hunt v. Bennett, 19 N. Y., 173; Brooks v. Harrison, 91 id., 83.
The order and judgment appealed from should be affirmed with costs.
Beckwith, 0. J., concurs. Hatch, J., not sitting.