## McMAHON v. NEW YORK NEWS PUB. CO.

(Supreme Court, Appellate Division, First Department.  May 11, 1900.)

1. LIBEL—PUNITIVE DAMAGES.

Where defendant, in an action for libel, was incited by actual malice, or acted wantonly or recklessly, and without due investigation of the truth of the defamatory matter published concerning plaintiff, the jury may award punitive damages.

2. APPEAL AND ERROR—HARMLESS ERROR.

A party on appeal cannot complain of an erroneous instruction when, subsequent to the giving thereof, the court, at his request, gave an instruction on the subject referred to in the instruction complained of, which correctly stated the law.

Appeal from trial term, New York county.

Action by Martin J. McMahon against the New York News Publishing Company. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Delos McCurdy, for appellant.

John C. Robinson, for respondent.

McLAUGHLIN, J.  This action was brought to recover damages for a libel. The plaintiff had a verdict for $16,500, which the defendant moved to set aside, and for a new trial, and the motion was granted, unless the plaintiff, within 20 days thereafter, stipulated, in writing, to reduce the verdict to $7,500. Within the time named the plaintiff stipulated to reduce the verdict to $7,500, and from the judgment thereafter entered for that amount, with costs, and an order denying a motion for a new trial, the defendant has appealed. It insists that the judgment should be reversed because the trial court erred in charging the jury that it "might award punitive damages without evidence of any actual or express malice." We have read the charge, as set out in the record, and are unable to find that the jury were instructed as claimed by the appellant's counsel. What the court said was that, if the jury believed that the publication complained of "was made recklessly and maliciously and wantonly, and in utter disregard of the rights of the plaintiff and of others, in utter disregard of the truth, you have the right to go further, and award to the plaintiff, as a punishment to the defendant, what is known in law as 'punitive' or 'exemplary' damages, as an example to the defendant, and others following the same line of business, to refrain from recklessly or willfully or wantonly publishing libels concerning citizens. * * * Now, gentlemen, of course there is no evidence of any actual or express malice on the part of this defendant, or any of its officers, agents, or employés, against this plaintiff. There is no evidence that any of them knew him, or entertained any ill feeling towards him. But that is not essential in order to justify a jury in awarding exemplary damages. The defendant is a corporation. It is responsible for whatever is published in its newspaper, and if it al-

lows publications to be made in that paper which libel citizens, and allows the insertion of those publications in reckless and wanton disregard of the individual rights of the citizens, and in utter disregard of the truth, without making proper investigation, a jury may award exemplary damages to the plaintiff, not to compensate him for his injury, but by way of punishment against defendant. So that you will see, gentlemen, this question as to whether exemplary damages are to be awarded here is one of fact, depending upon conflicting evidence; * * * depending upon whether you believe this insertion was made recklessly, wantonly, carelessly, and in disregard of the truth, or of the rights of the citizens who would be affected by an article of this kind. * * *" This falls far short of saying that the jury "might award punitive damages without evidence of any actual or express malice." On the contrary, they were expressly instructed that they could not award punitive damages unless they found that the publication was recklessly, maliciously, and wantonly made. But, even conceding that the court charged as claimed by the appellant's counsel, the error was corrected by a subsequent charge, made at the request of the appellant's counsel, that, "before the jury can find punitive damages against us, they must find as a fact that the publication was wantonly and recklessly made, without due investigation into the truth of the publication already made of that libel." This was a correct statement of the rule of law applicable to the subject. Samuels v. Association, 75 N. Y. 604, reversing judgment on dissenting opinion, 9 Hun, 294; Holmes v. Jones, 147 N. Y. 59, 41 N. E. 409.

In Samuels v. Association, supra, Davis, P. J., dissenting from the opinion affirming the judgment at general term, said:

"The plaintiff, in an action of libel, gives evidence of malice whenever he proves the falsity of the libel. It becomes, then, a question for the jury whether the malice is of such a character as to call for exemplary or punitive damages, and that question is not to be taken away from the jury because the defendant gives evidence which tends to show that there is in fact no actual malice. When he gives no such evidence, it is the duty of the court to say to the jury that, upon proof of the falsity of the libel, the plaintiff is entitled to exemplary damages, in their discretion. Tillotson v. Cheetham, 3 Johns. 56, and see opinion of Kerr, C. J., in same case; Taylor v. Church, 8 N. Y. 452, where the rule of Tillotson v. Cheetham is approved; Hunt v. Bennett, 19 N. Y. 173. But, where he gives evidence tending to prove the absence of actual malice, then it is the duty of the judge to submit to the jury the question, as one of fact, whether such malice existed in the publication."

The court of appeals (75 N. Y. 604) reversed the judgment on the dissenting opinion, thus recognizing and approving the rule as stated by Judge Davis. And as late as 1898, in Holmes v. Jones, 147 N. Y. 59, 41 N. E. 409, that court again approved of the rule, Judge Andrews saying:

"The publication of a libel is a wrongful act, presumably injurious to those persons to whom it relates, and, in the absence of legal excuse, gives a right of recovery, irrespective of the intent of the defendant who published it; and this, although he had reason to believe the statement to be true, and was actuated by an honest, or even commendable, motive in making the publication. But the amount of damages in an action for libel is peculiarly within the province of the jury. The jury may give nominal damages, or damages to a greater or less amount, as they shall determine. The jury may award damages

which are merely compensatory, or damages beyond mere compensation, called 'punitive' or 'vindictive' damages, by way of example or punishment, when in their judgment the defendant was incited by actual malice, or acted wantonly or recklessly, in making the defamatory charge."

We do not understand that the court of appeals in Krug v. Pitass, 162 N. Y. 154, 56 N. E. 526, intended to overrule these cases, or to lay down any different rule relating to punitive damages, than is therein stated. Had that court intended to do so, it would have so expressed itself. Certainly, it would, at least, have paid itself the compliment of referring to them.

The judgment and order appealed from are right, and must be affirmed, with costs. All concur.