Knapp v. Metropolitan St. Ry. Co., 103 App. Div. 252, 92 N. Y. Supp. 1071. Whether or not a bell were rung, or notice given of the approach of the car, is of no importance, because the plaintiff saw the car and knew it was approaching. Nor had he a right to assume that the car would be so controlled as to enable him to cross the tracks in safety. He had no more right to assume this than the motorman had to assume that he would so regulate his own movements as to prevent being struck by the car. Little v. Third Avenue R. R. Co., 83 App. Div. 330, 82 N. Y. Supp. 55, affirmed 178 N. Y. 591, 70 N. E. 1102.

The judgment and order appealed from, therefore, must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

---

### CARPENTER v. NEW YORK JOURNAL PUB. CO.

(Supreme Court, Appellate Division, First Department. February 23, 1906.)

1. APPEAL—SUCCESSIVE APPEALS—LAW OF THE CASE.

In an action for libel, a decision on appeal that the submission to the jury of the question whether a part of the alleged publication was true was not warranted by the evidence, was the law of the case, is conclusive on the trial court and on a subsequent appeal.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, §§ 4358–4368.]

2. LIBEL—EXEMPLARY DAMAGES—BURDEN OF PROOF.

In an action for libel, the burden is on the plaintiff to establish malice to warrant exemplary damages, and where there is evidence that the publication was not malicious, the plaintiff, to recover exemplary damages, must show by a fair preponderance of proof that the publication was made maliciously or recklessly or wantonly or carelessly.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Libel and Slander, §§ 278, 329.]

Appeal from Trial Term.

Action by George Haywood Carpenter against the New York Journal Publishing Company. From a judgment in favor of plaintiff, and an order denying a new trial, defendant appeals. Reversed.

Argued before O'BRIEN, P. J., and INGRAHAM, LAUGLHIN, CLARKE, and HOUGHTON, JJ.

Clarence J. Shearn, for appellant.

Dill & Baldwin (Franklin Pierce, of counsel), for respondent.

CLARKE, J. This action has been twice tried. Upon the first trial the plaintiff had a verdict for six cents damages. This court, on appeal, set that verdict aside, and granted a new trial. 96 App. Div. 376, 89 N. Y. Supp. 263. The facts are sufficiently set forth in the opinion of Mr. Justice Hatch, then rendered, and it is unnecessary to restate them. Upon the second trial plaintiff had a verdict of $10,-000. The learned trial judge followed the decision of this court. He charged:

"As to the head lines 'expelled juror is a rogue's gallery man,' I have stated that as to that part of the libel, it is wholly undefended. * * * That is, you must find for the plaintiff such damages as he sustained by the publication of the head lines 'expelled juror is a rogue's gallery man.'"

To that portion of the charge defendant's exceptions are not well taken. We held on a former appeal in regard to those words:

"The court in submitting the case to the jury left it to them to say as a question of fact whether the statement was true or not. The submission in this aspect was unwarranted as it was conceded both on the trial and in the argument in this court that plaintiff's picture did·not adorn the rogues' gallery, nor was any record of him found there."

The previous decision of this court upon that point was and is the law of this case, concluding the trial court and controlling us.

A serious point is, however, presented in relation to the burden of proof upon the question of exemplary damages. After charging the jury as to compensatory damages, the learned court proceeded:

"Another kind of damages is denominated exemplary damages, · vindictive damages, punitive damages; that is, damages which the jury may inflict upon a person guilty of publishing a libel, by way of punishment, to deter others from offending in like manner; and those damages are founded upon a finding that there was malice on the part of the defendant in publishing the libel. Malice may be implied when the publication is false, and malice may be found from evidence indicating malice, and the fact that the defendant published in another edition of the paper this matter, or published this matter in this edition of the Sporting Special, after having investigated and found the police record showed that those indictments had been dismissed, and that the plaintiff had been discharged for this other offense charged against him, is evidenced from which you may infer malice; that is, in the nature of express proof of malice. And so, if the testimony of the president of the plaintiff's company, Mr. Williams, and the plaintiff himself, that he informed the reporter representing the defendant, at the office of publication, that he had been exonerated, that those charges had been dismissed, that is evidence also from which you may infer that there was express malice; and for express malice you may impose upon the defendant such an amount of money, by way of punishment, as in your judgment the case requires or permits. There is no rule by which the court can state how you shall arrive at the amount of damages which you shall believe the plaintiff has sustained. either as to compensatory damages or exemplary damages. It is such an amount as a jury, acting upon their own judgment and exercising a sound discretion, shall find to be the true measure of compensation, or the amount which you shall find by way of punitive damages."

The appellant excepted "to that part of your honor's charge in which you stated that malice may be inferred from the falsity of the publication, which statement was made by your honor in connection with the rule laid down for awarding exemplary damages; the point of the defendant being that the only malice which may warrant exemplary damages is actual malice, which the plaintiff has proved, and that legal malice inferred from falsity is not an element to be considered in awarding exemplary damages."

The appellant also offered the following requests to charge, which being refused, it duly excepted:

"That the burden of establishing the malice to warrant exemplary damages is upon the plaintiff, and such malice must be established by a fair preponderance of the evidence."

"That in view of the testimony of the defendant's editor and reporters that the publication was not made maliciously, in order to warrant exemplary damages, the plaintiff must establish by a fair preponderance of proof that the publication was made maliciously, or recklessly, or wantonly, or carelessly."

The defamatory publication at bar was unprivileged and libelous per se. I take it that the statement of the law of libel has been confused by the use of a single word to express different ideas. That is the word "malice." As an injured party may recover damages of several kinds, the basis for the granting of those damages, compensatory or exemplary, is made to depend upon the various meanings of that one word "malice." Hence the confusion. It is said that upon proof of the publication of defamatory matter, and of its application to the plaintiff, if it be unprivileged and libelous per se, the falsity of the article and the malice in its publication are presumed. Upon proof of publication and application, the plaintiff may rest. With that proof and those presumptions, he has made out his case, and is entitled to such sum as the jury may give by way of compensation for the injury inflicted. In order that the plaintiff may recover an additional sum called exemplary, punitive, vindictive damages, or smart money, by way of punishment of the offender, it must appear that the publication was the result of (1) personal ill will; or (2) of such negligence and carelessness as to indicate a wanton or reckless disregard of the rights of others; or (3) being false, to be of such a character that the words themselves sufficiently establish the degree of wrongdoing, which calls for punishment, in addition to compensation. To distinguish this phase of the action of libel from that which calls only for compensation, the unfortunate phrase of actual or express malice has been coined. Unfortunately, because malice is malice, there ought to be no difference between "express" and "implied," and our rich and flexible language ought to have been able to furnish apt words to express the several propositions. When a plaintiff demands damages beyond compensation, something more is demanded of him than when he asks merely to be made whole. He must prove something to justify punishment by increased smart money for himself. The so-called implied malice, and the implied falsity, are enough to secure compensation. It seems that having obtained that they are functus officio. This statement is made upon the authority of cases, which it is our duty to follow, and not criticise.

In the leading case of Samuels v. Evening Mail Association, 9 Hun, 288, reversed 75 N. Y. 604, on the dissenting opinion below, the very question at issue was the right to exemplary damages. Mr. Justice Davis said:

"The plaintiff in an action of libel gives evidence of malice whenever he proves the falsity of the libel. It becomes, then, a question for the jury whether the malice is of such a character as to call for exemplary or punitive damages; and that question is not to be taken away from the jury, because the defendant gives evidence, which tends to show that there was, in fact, no actual malice."

In that case the defendant had given such evidence and the majority of the court had held that the character of the publication alone gave no right to exemplary damages. The opinion proceeds:

"When he gives no such evidence, it is the duty of the court to say to the jury that upon proof of the falsity of the libel, the plaintiff is entitled to exemplary damages in their discretion, * * * but where he gives evidence tending to prove the absence of actual malice, then it is the duty of the judge to submit to the jury the question, as one of fact, whether such malice

existed in the publication.. * * * In libel cases the falsity of the libel being proof of malice sufficient to uphold exemplary damages, the right to recover them in the discretion of the jury rests in the very act done in the publication of the false libel."

In commenting upon that case, Mr. Justice Ingraham said in Brandt v. Morning Journal Association, 81 App. Div. 188, 80 N. Y. Supp. 1006:

"In that opinion stress seems to be laid upon the proof at the trial that the libel was false, and that it is only upon proof of its falsity that the jury are justified in finding express malice from the publication. I assume that what was intended here is that the falsity of the libel must appear from all the evidence in the case. In an action for libel the charge is presumed to be false unless the defendant justifies in his answer, in which case the burden is on the defendant to prove the truth of the libel. But whether the burden is on the plaintiff to show affirmatively that the libel is false before he would be entitled to have the jury find exemplary damages from the fact of publication alone, is not material to this case, as there was considerable evidence as to the truth of the facts charged; and the question as to whether there was proof sufficient to establish to the satisfaction of the jury that the libel was false before they could find malice from the publication is not raised by any exception to the charge or requests to charge."

After this decision, the Court of Appeals again had occasion to examine the question, a doubt having been raised as to the effect of the decision of that court in Krug v. Pitass, 162 N. Y. 160, 56 N. E. 526, 76 Am. St. Rep. 317, and in Crane v. Bennett, 177 N. Y. 106, 69 N. E. 274, 101 Am. St. Rep. 722, that learned court, upon a review of the cases, again announced the doctrine of the Samuels' Case. Judge Martin said:

"The general rule is that, in an action for libel, proof by the plaintiff tending to establish the falsity of the alleged libelous publication is evidence of malice; and if such evidence is introduced, a question for the jury is presented whether the malice is of such a character as to call for punitive damages; and that question is not to be withdrawn from them because the defendant gives evidence which tends to show that there was no actual malice. We think the foregoing rule is well established by the authorities of this state and elsewhere, and it must be regarded as the true rule, notwithstanding any expressions found in other cases where the question was not necessarily involved, which may not be in consonance with it. The decision of any such cases will not be followed, but must be regarded as overruled, so far as they may be in conflict with this decision."

In the Brandt Case, cited supra, and affirmed on the authority of Crane v. Bennett, 177 N. Y. 106, 69 N. E. 274, 101 Am. St. Rep. 722, it was further said:

"The plaintiff in an action of libel gives evidence of malice whenever he proves the falsity of the libel, from which a jury can award exemplary damages. The plaintiff must prove malice. He may prove ill will and a desire to injure on the part of the defendant. He may prove such reckless conduct in the publication of a serious charge against an individual as will indicate such a wanton and reckless disregard of the rights of others, as will justify an inference of malice. But in all these cases it is malice that is to be proved, and the question is, what evidence the jury are entitled to consider as proof of malice."

In McMahon v. New York News Pub. Co., 51 App. Div. 488, 64 N. Y. Supp. 713, the trial court had charged:

"This question as to whether exemplary damages are to be awarded here is one of fact depending upon conflicting evidence, * * * depending whether

97 N.Y.S.—31

you believe this insertion was made recklessly, wantonly, carelessly, and in disregard of the truth or the rights of the citizen who would be affected by an article of this kind."

And further:

"Before the jury can find punitive damages * * * they must find as a fact that the publication was wantonly and recklessly made, without due investigation into the truth of the publication already made of that libel."

Said Mr. Justice McLaughlin:

"This was a correct statement of the rule of law applicable to the subject."

In Warner v. Press Publishing Company, 132 N. Y. 181, 30 N. E. 393, the court said:

"The plaintiff gave evidence of malice when she proved the falsity of the libelous publication, and in the absence of evidence on the part of the defendant tending to show that it had neither the desire nor the intention to wrong her, it would have been the duty of the court to instruct the jury that the plaintiff might be awarded exemplary damages in their discretion. But testimony was adduced on the part of the defendant tending to prove the absence of actual malice on his part towards the plaintiff, which, taken in connection with the evidence of malice which the law imputed when the falsity of the libel was established, presented a question of fact whether malice existed in the publication. If found to exist, then in their discretion the jury could award exemplary damages."

The foregoing and many other cases settle the proposition that exemplary damages depend upon a finding of fact by the jury of express malice, evidenced by the falsity of the libel, or the ill will of the publisher, or the wanton and reckless publication. In Krug v. Pitass, supra, it was said that express malice does not become an issue, when the article is libelous on its face, unless punitive damages are claimed. If, then, it is made an issue by the plaintiff—if the plaintiff's recovery of such damages depends upon such finding of fact—he must sustain such burden, as in all civil cases, by a fair preponderance of the evidence. In the case at bar the question of the truth of the publication was vigorously fought out, and, as a justification, the jury were properly instructed that the burden of proof was on the defendant. There was also evidence as to investigation, effort to find the facts, belief in what was discovered, and absence of ill will towards the plaintiff. Under the circumstances, then, an issue of fact was presented, upon the determination of which depended the damages. The court said: "And those damages are founded upon a finding that there was malice on the part of the defendant in publishing the libel"—and proceeded to instance certain facts as "evidence from which you may infer malice," but refused the request of the defendant "that the burden of establishing the malice, to warrant exemplary damages, is upon the plaintiff, and such malice must be established by a fair preponderance of the evidence," and also "that, in view of the testimony of the defendant's editor and reporters that the publication was not made maliciously, in order to warrant exemplary damages, the plaintiff must establish by a fair preponderance of proof that the publication was made maliciously, or recklessly, or wantonly, or carelessly." We think the defendant was entitled to the charge requested,

and in view of the nature of the case, the character of the evidence, and the size of the verdict, we are not able to say that it suffered no harm by this refusal.

The judgment and order must be reversed, and a new trial ordered, with costs to the appellant to abide the event.  All concur.

