LICCIONE v. COLLIER et al.

(Supreme Court, Appellate Division, First Department. June 18, 1909.)

LIBEL AND SLANDER (§ 124*)—ACTUAL MALICE—INSTRUCTIONS.

Where, in an action for libel, the court left the question of punitive damages to the jury, and instructed them that no such damages could be allowed in the absence of actual malice, it was error to refuse an instruction, requested by defendants, that, where defendants give evidence tending to prove absence of actual malice, the burden of proving such malice is on plaintiff, and he must show the same by a preponderance of the evidence.

[Ed. Note.—For other cases, see Libel and Slander, Dec. Dig. § 124.*]

Ingraham, J., dissenting.

Appeal from Trial Term, New York County.

Action by John Liccione against Peter Collier and another. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Reversed, and new trial granted.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

John V. Judge, for appellants.
Lorenzo Ullo (Albert M. Yuzzolino, on the brief), for respondent.

LAUGHLIN, J. This is an action for libel. The plaintiff was engaged, among other things, in conducting a business at No. 125 Mulberry street, in the city of New York, known to Italians as the business of "a banca," which consists of exchanging and forwarding money, receiving money on deposit subject to demand drafts, and of selling passage tickets to and from Italy. The defendants are the publishers of Collier's Weekly, which is a magazine in which illustrated articles are published periodically. In the issue of the magazine for the 19th of November, 1904, they published a picture of the plaintiff's place of business showing the advertisement painted on a large plate-glass front window as follows:

"Banca
125
J. Liccione
Notaio Pubblico."

And under the illustration of the plaintiff's bank they published the following:

"A typical bank, money exchange, and notary's office. In institutions of this kind are kept the earnings of ignorant immigrant workers. Inaccurate accountings are made to them at stated periods, when absurd charges are also made for postage, letter writing," etc.

The trial court ruled that the picture, with the matter printed underneath, constituted a libel per se of the plaintiff in his business. The defendants gave evidence tending to show that the picture of the

plaintiff's place of business was taken, not on account of any malice or ill will against the plaintiff, or of any personal knowledge concerning him or his business methods, but for the purpose of illustrating an article, which was published in the same issue of the magazine, calculated to draw the attention of the public to certain abuses in the business of conducting individual banking with Italian immigrants, and that neither the defendants nor their agents or employés discovered that the plaintiff's name was on the picture, and that they did not intend to publish his name, or to identify his place of business by the publication. The court, under the charge, permitted the jury to award both actual and exemplary damages. The verdict was for $2,000, and, inasmuch as there was not a separate finding with respect to the actual and exemplary damages, it cannot be ascertained from the record whether or not the jury awarded exemplary damages; but it is highly probable that they did. The court instructed the jury, at the request of counsel for the defendants, that, although the law presumes malice where the article is libelous per se, such malice is what is known as "legal malice," and not actual malice, and that there was no evidence of actual malice. The court, however, after that instructed the jury, likewise at the request of counsel for the defendants, that there is a presumption of law, based on the falsity of the article, that it has been published maliciously, which, however, might be rebutted by evidence on the part of the defendants tending to show absence of actual malice; that where there is such evidence it then becomes a question for the jury to say whether there was actual malice, which would justify them in giving exemplary or punitive damages; and that if upon that question the evidence should be evenly balanced they should find that the defendants were not guilty of actual malice. The court then instructed the jury, likewise at the request of counsel for defendants, that if the defendants were not guilty of actual malice no punitive damages should be awarded against them. The jury in these circumstances would naturally infer, if, indeed, they understood the import of the first instruction on the subject, that the court had left it to them to determine whether or not there was actual malice. Upon that issue counsel for defendants requested the court to instruct the jury that:

"Where the defendants give evidence tending to prove absence of actual malice, the burden of proving actual malice is on the plaintiff, and he must show actual malice by a preponderance of evidence."

This request was refused, and an exception was taken to the ruling. We are of opinion that this exception requires a reversal; for since the court left the question of punitive or exemplary damages to the jury, and the jury would naturally infer from what transpired that the question of actual malice was also left to them, for the court had instructed them that no punitive damages could be allowed in the absence of actual malice, the defendants were entitled to have the jury instructed as requested. The request involved a proper legal proposition, as this court expressly held in Carpenter v. New York Evening Journal Publishing Company, 111 App. Div. 266, 97 N. Y. Supp. 478.

It follows, therefore, that the judgment and order should be re-

versed, and a new trial granted, with costs to appellant to abide the event.

McLAUGHLIN, HOUGHTON, and SCOTT, JJ., concur.

INGRAHAM, J. I dissent. The only ground for the reversal of this judgment, relied upon in the prevailing opinion, is the refusal of the court to charge at defendant's request that:

"Where the defendants give evidence tending to prove absence of actual malice, the burden of proving actual malice is on the plaintiff, and he must show actual malice by a preponderance of evidence."

If this had been limited, as it was in the Carpenter Case, 111 App. Div. 266, 97 N. Y. Supp. 478, to the proof of actual malice necessary to base an award of punitive damages, it would have been error which should have required a reversal of the judgment. In the request, however, it was not limited to the award of punitive damages. Malice is presumed from the publication of a libel per se, and if this request as presented had been charged it would have necessarily been considered by the jury as applicable to the right of the plaintiff to a verdict.

I think, for that reason, the request was properly refused.