PATTERSON, J.
—This action was brought to recover one-half the cost of repairs to the sewer of the house No. 246 West Thirty-ninth street, in the city of New York, which *1257 house belonged to the plaintiff. The sewer was located under the cellar of that house, but was connected with the drain-pipe of Mo. 244 West Thirty-ninth street, which last-named premises were owned by the defendants. The sewage of the defendants’ house passed into the sewer of the plaintiff’s house, and was discharged therefrom into the main sewer in Thirty-ninth street. Some time in or about the month of March, 1892, it was discovered that a leakage had occurred in or about the sewer and its connections, and it was agreed between the plaintiff and the • defendants that, if the plaintiff would permit the sewer connection between the defendants’ premises and the plaintiff’s premises to remain, the defendants would pay one-half of the cost of removing the sewer on the plaintiff’s premises, which was a brick conduit, and substituting therefor an eight-inch iron pipe. The defendants admit the making of the promise, but claim that they were induced to make it upon certain false representations made by the plaintiff, and that, such representations being false, their promise was without consideration, and they are not liable thereon. The case was submitted to a jury, who found in favor of the defendants; and from the judgment entered upon the verdict, and from an order denying a motion for a new trial, the plaintiff appeals.
The cause of action alleged in the complaint is upon a simple promise only. Much has been said in argument respecting the liability of "the defendants based upon a supposed obligation growing out of the enjoyment of an easement in the sewer located under the plaintiff’s house, but no such question properly arises on the pleadings. A recovery could be had ■only upon an express contract to pay, and upon the claim .as stated in. the complaint; and, the contract having been admitted in all its terms, the only question properly to be litigated related to the matter set up in the answer in avoidance of that admitted contract. The allegations of the answer are that certain representations were made by the plaintiff at the time the defendants entered into the contract, and that such representations were false, and that the defendants were induced to make the promise upon the belief that the representations were true. ■ They are to the effect that the plaintiff stated to Mr. Boll, one of the defendants, that the board of health had issued an order requiring that the sewer on the premises, Mo. 246 West Thirty-ninth street should be separately and independently connected with the main sewer in Thirty-ninth street; that the: sewer of 244 West Thirty-ninth street, which was connected with that of Mo. 246, was so constructed as to cause an overflow or backing up of sewage into the premises Mo. 246, and so imperiled the health of the inmates of the last-named house that the board of health had authorized the plaintiff to cut off the sewer of Mo. 244, unless the plaintiff would make new and enlarged connections with both houses; that the plaintiff was under no duty or obliga *1258 tion to maintain such, connection, and that she had obtained an estimate of the expense of making the new connections required by the board of health; and that it would not exceed §200; and that the defendants thereupon, being in ignorance of the facts, agreed to pay one-half of that expense. The representations, therefore, alleged to be false, related—First, to a requirement of the board of health; second, to the condition of the sewer connections at No. 244; and, third, to the cost of the alterations of the sewer.
There is nothing whatever in the record to show that any statement made by the plaintiff with respect to the requirements of the board of health was false. The defendant Boll, examined as a witness on his own behalf, states that Mrs. Sperling, the plaintiff, told him of this requirement of the-board of health. Mr. Ryder, a plumber, called by the defendants as a witness, testified that the whole bill was made in consequence of an order of the board of" health. “ The whole was due to the substitution of an eight-inch iron pipe for the-brick drain on No. 246.” It was not necessary for the plaintiff to prove, in the first instance, that the representation with reference to the requirement of the board of health was true. It was incumbent upon the defendants to show that it was false; and such testimony as appears in' the record upon the subject indicates that it was not false, but was in fact true. As to the representation concerning the condition of the sewer of No. 244, and its being the fault of the plaintiff that it was in bad condition, and caused the backing of sewage, there was a conflict of evidence respecting the fact of such representation having been made at all. The defendant testifies that the plaintiff told him that, through his neglect and fault, the sewer of No. 244 had burst into her cellar, and had flooded it, and put in jeopardy the life of her grandson. Now, even if this representation had been made, it was something in which the defendant Boll acquiesced immediately, according to his own statement, for he said : “ All that is my fault. I certainly will repair it.” He admitted that it was his fault, and therefore had apparently the same belief with reference to the subject that the plaintiff had. They both may have been, and probably were, mistaken; and it would so seem from the testimony of the plumber, who subsequently took out the brick drain, and put m the iron pipe. But that does not in -any way establish an intent on the part of the plaintiff to falsify, or to induce the defendants to enter into a contract by deceit on her part. And so with reference to the further representation regarding the cost of the alteration. The defendant Boll merely testifies that the plaintiff stated to him that shó had an estimate made of the probable cost, which would be §200. She testifies she made no statement at all of that character. Now, even if such a statement were made, it was only made as an estimate. The defendant Boll does not testify that he agreed merely to pay one-half of $200, but he agreed *1259 to pay one-half of the expense ; and his letter to the plumbers distinctly states that he had made an arrangement to divide the expense for changing the sewer in No. 246, if certain other persons, who had also a right to use the sewer, did not come in and contribute to that expense. The burden of proof was upon the defendants to show the falsity of all the representations alleged. The proof was inadequate to show that asserted falsity. The promise.was made upon good consideration, and the verdict was against the evidence.
The motion for a new trial should have been granted, and the judgment appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event.
All concur.