John P. Cohalan, Respondent, *v.* The New York Press Company, Limited, Appellant.

Libel — when Appellate Division has no power to overlook error in charge — erroneous refusal to charge cured when, in light of main charge, refusal did not substantially affect rights.

1. It is error for the Appellate Division to hold, on appeal, in an action for libel, that even though there was error in the charge on the question of punitive damages, the judgment may be affirmed because the verdict was not so large as to indicate that it included punitive damages.

2. A refusal to charge, in an action for libel, that "in order to justify the jury in awarding a sum beyond mere compensation, the plaintiff must establish the fact of actual malice, and must do so by a fair preponderance of evidence," is erroneous, if standing alone, but the charge must be considered in its entirety, and in its relation to the facts proved.

3. Where the article complained of was defamatory and false, and plainly libelous *per se*, such error in refusing to charge as requested was cured when the trial justice, in the main charge, admonished the jury that the defendant asked for a mitigation of damages on the ground that the publication had been made without malice or ill-will, correctly defined the law on that subject, and left it to the jury to decide from the nature of the publication, "and the other evidence in the case," whether there had been malice in the publication, and further charged that "the jury must affirmatively find such actual malice before they would be justified in awarding examplary damages."

*Cohalan* v. *New York Press Co.*, 148 App. Div. 89, affirmed.

(Argued June 12, 1914; decided July 14, 1914.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial · department, entered January 22, 1912, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Philip Carpenter* and *Frank Parker Ufford* for appellant. The error in refusing to give the defendant's request to charge, viz., that " In order to justify the jury in awarding a sum beyond mere compensation the plaintiff must establish the fact of actual malice, and must do so by a preponderance of evidence," requires the reversal of the judgment. (*Gressman* v. *M. J. Assn.*, 197 N. Y. 474; *Crane* v. *Bennett*, 177 N. Y. 106; *Baldwin* v. *Burrows*, 47 N. Y. 199; *Greene* v. *White*, 37 N. Y. 405; *Samuels* v. *E. M. Assn.*, 9 Hun, 288; 75 N. Y. 604; *Carpenter* v. *N. Y. Journal Pub. Co.*, 111 App. Div. 266.) It was beyond the power of the Appellate Division to determine, as it attempted to do, that the error in the charge as to exemplary damages did not in fact increase the verdict. The affirmance of the judgment on the ground that the jury would have been justified in awarding the same amount without including punitive damages is erroneous and requires a reversal by this court. (*People ex rel. B. Imp. Co.* v. *Barker*, 155 N. Y. 322; *Rosenstein* v. *Fox*, 150 N. Y. 354; *Reid* v. *Terwilliger*, 116 N. Y. 530; *Powers* v. *M. Ry. Co.*, 120 N. Y. 178; *Page* v. *D. & H. Co.*, 34 App. Div. 618; *Jefferson* v. *N. Y. El. R. R. Co.*, 132 N. Y. 483; *Hine* v. *Manhattan R. Co.*, 132 N. Y. 477.)

*Almeth W. Hoff* and *William McArthur* for respondent. The defendant's request to charge was defective in form and substance, and, in any event, had been sufficiently covered. (*Hoey* v. *N. Y. Times Co.*, 138 App. Div. 149.) Defendant's exception to the qualified refusal

of its request has no merit, in view of plaintiff's request which was charged, and of the terms of the entire charge of the trial court. (*Thompson* v. *Bank*, 82 N. Y. 1.)

*Per Curiam.* At the Trial Term the plaintiff recovered a verdict of $10,000 damages for the publication of a newspaper libel in derogation of his character and motives as a public officer. The judgment entered upon the verdict was affirmed, by a divided court, at the Appellate Division. We think the result is right, and we would affirm on this appeal without opinion, but for some expressions in the prevailing opinion below to which we cannot subscribe.

At the Appellate Division and in this court the learned counsel for the defendant argued that the trial court had committed error in declining to charge a request relating to the question of malice, and affecting the rule of damages. The case being one in which the jury had the right to award punitive damages if the libel was found to be malicious, it is obviously important that there should be no uncertainty in the statement of the law applicable to that question. Upon that subject the prevailing opinion below expressed a view that might lead to confusion if permitted to go uncorrected. It is to the effect that, even though there was error in the charge on the question of punitive damages, the judgment may be affirmed because the verdict was not so large as to indicate that it included punitive damages. We cannot concur in this view. If carried to its logical conclusion it would authorize an appellate court to overlook any error in a charge on the subject of punitive damages in a case of libel, whenever the verdict happens to be so moderate that it apparently includes no punitive damages. Neither the Appellate Division nor this court has any such plenary power. The judgment was properly sustained, however, for reasons which may be briefly stated.

The particular request to charge, upon which the coun-

sel for the appellant bases his argument for a reversal of the judgment, is that "In order to justify the jury in awarding a sum beyond mere compensation, the plaintiff must establish the fact of actual malice, and must do so by a fair preponderance of evidence." This request embodies the correct rule of law and, if it stood alone, the refusal to charge it would be error for which the judgment would have to be reversed. But the charge must be considered in its entirety and in its relation to the facts proved. The article, of which the plaintiff complained, was plainly libelous *per se,* although the trial court permitted the jury to determine its character. It was defamatory and it was false. The defendant pleaded, in mitigation of damages, that the publication was without malice and gave evidence tending to support the plea. It is one of the well-settled rules of the law of libel that malice may be inferred from the falsity of a defamatory publication. When a defendant gives evidence which negatives malice, it is for the jury to decide whether malice is proven and if so whether the case is one for exemplary or punitive damages. (*Crane* v. *Bennett,* 177 N. Y. 106.)

The learned trial justice, in the main charge, admonished the jury that the defendant asked for a mitigation of damages on the ground that the publication had been made without malice or ill-will. He correctly defined the law on that subject, and left it to the jury to decide from the nature of the publication, "and the other evidence in the case," whether there had been malice in the publication. At the request of the counsel for the plaintiff the trial justice instructed the jury that "The nature of the publication itself, and the circumstances under which it was published, can be considered by the jury in determining whether or not actual malice did exist; but from that fact, and the other evidence in the case, the jury must affirmatively find such actual malice before they would be justified in awarding exemplary damages." This charge, we think, cured the error in refusing the

above-quoted request of the defendant. The trial justice did not charge in express words that actual malice could only be established by a fair preponderance of the evidence, but he said that, in substance, when he submitted the question to the jury upon the nature of the publication and the other evidence in the case. In the light of this latter charge it is evident that the refusal to charge as requested by defendant's counsel did not substantially affect the rights of the defendant; and in these circumstances, the letter and the spirit of section 1317 of the Code of Civil Procedure require an affirmance of the judgment, with costs.

WILLARD BARTLETT, Ch. J., WERNER, HISCOCK, COLLIN, HOGAN and CARDOZO, JJ., concur; MILLER, J., not sitting.

Judgment affirmed.