### SWIFT v. POOLE et al.

(Supreme Court, Appellate Division, First Department. March 17, 1916.)

1. APPEAL AND ERROR ⟨⟐⟩196—EXCEPTIONS.
   In an action for the purchase price of a business, where defendant counterclaimed for damages for misrepresentations, defendant's submission to the dismissal of her counterclaim was an abandonment of any right to damages.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1489; Dec. Dig. ⟨⟐⟩196.]

2. APPEAL AND ERROR ⟨⟐⟩1066—HARMLESS ERROR—INSTRUCTIONS—BURDEN OF PROOF.
   In an action for the purchase price of a business, which was to be paid for in installments, where defendant contended that it was agreed that plaintiff, by re-engaging in business, would forfeit any unpaid purchase money, the burden of proving such agreement being on defendant, it was prejudicial error to inadvertently charge that the burden of establishing the truth with respect to the controverted facts was on plaintiff.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4220; Dec. Dig. ⟨⟐⟩1066.]

3. APPEAL AND ERROR ⟨⟐⟩263(1)—EXCEPTIONS BELOW—DISCRETION.
   In such case, though plaintiff's counsel did not except to the instruction, yet as the case was submitted to the jury on an erroneous theory, the Appellate Division may, despite the want of exception, in its discretion grant a new trial.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1525; Dec. Dig. ⟨⟐⟩263(1).]

Appeal from Trial Term, New York County.

Action by Anna M. Swift against Zola F. Poole, impleaded with another. From a judgment for defendant Poole, and an order denying new trial, plaintiff appeals. Reversed and remanded.

Argued before CLARKE, P. J., and LAUGHLIN, SCOTT, SMITH, and PAGE, JJ.

Sumner B. Stiles, of New York City, for appellant.
Hugo Wintner, of New York City, for respondent.

LAUGHLIN, J. This action was brought to recover the balance of the purchase price of a massage business, including lease, furniture, fixtures, and good will, which plaintiff was conducting at No. 48 West Forty-Ninth street, borough of Manhattan, New York, under the name Anglo-Danish Institute, and which she sold to the defendants on the 2d day of September, 1912. The agreed purchase price was $4,533, of which $1,000 was paid at the time of the sale and $900 subsequently. The answer contained denials with respect to the amounts paid; but, after plaintiff testified, it was conceded that the balance

unpaid was, as claimed, $2,633, and the interest was stipulated. The defendant Poole subsequently purchased the interest of her partner, the defendant Quigg, and the latter was not served and did not appear.

The respondent, Poole, pleaded as a defense and counterclaim for $800 damages that the purchase was induced by false and fraudulent representations made by plaintiff to the effect that the business was, and had been for many years, a paying and profitable one, with a large number of steady customers, who constantly patronized it and paid in cash, "so that the good will of said business was very valuable, and so that the business ran uninterruptedly and profitably, without any special effort on plaintiff's part"; that she had paid at least $4,000 for the furniture, fixtures, tools, and appliances connected with the business; that she had derived and drawn from the business over $5,000 in net profits during the last 12 months; and that for a long time prior thereto her net profits had been from that amount to $7,-000. She also pleaded as a further defense that it was mutually agreed as part of the contract of sale that, if plaintiff within two years thereafter engaged in the massage business in the city of New York, she would thereby forfeit any amount then unpaid on the purchase price, and that plaintiff did so engage in business in January, 1913.

When the respondent rested, the court dismissed her counterclaim on motion of counsel for plaintiff, to which no objection was interposed. There was no evidence that the furnishings and other personal property did not cost the amount represented by plaintiff; but there was some evidence that other representations claimed to have been made by the plaintiff were made, and that plaintiff exaggerated the extent and stability of her business, all of which, however, was controverted. There was also a question for the jury on the evidence with respect to whether it was agreed that plaintiff by engaging in business would forfeit her right to further payments. After both plaintiff and respondent had given their versions of the contract of sale, it developed that it was in writing and executed in duplicate. Neither duplicate was produced, nor was proper foundation laid for parol evidence.

[1] With respect to false representations the respondent presented a weak case, and by submitting to the dismissal of her counterclaim abandoned any claim for damages therefor.

[2] On the issue with respect to whether it was agreed that plaintiff by engaging in business again would forfeit the unpaid purchase price, the respondent testified in the affirmative, and the appellant in the negative. That issue, at least, would have been resolved by the production of the written contract, or proof of its terms. Instead of taking that course, the parties merely proved the parol negotiations; and their testimony is diametrically opposed with respect to some of part of the negotiations. The respondent testified to an agreement with respect to the effect of plaintiff's engaging in business substantially as alleged by her; but plaintiff denied that there was any agreement on that subject. It is undisputed that plaintiff did engage in the business in contravention of the agreement if there was an agreement relating thereto. The respondent has retained the property and

business, and has only paid $1,900 of the purchase price, and has, according to her own testimony, received the benefit of $533, which plaintiff deposited with her landlady as security for the payment of rent.

There is much force in the contention that the verdict is against the weight of evidence. The verdict may be accounted for by an error in the charge, to which, however, no exception was taken. The court left it to the jury to determine whether any of the representations were false, and whether the parties agreed that the effect of plaintiff's engaging in the same business and city within two years would be as claimed. Although the only issues of fact were those relating to the *defenses,* the learned court—doubtless inadvertently—instructed the jury that the burden of proof to establish the truth with respect to the controverted facts was on the plaintiff. This was error (Sperling v. Boll, 10 App. Div. 290, 41 N. Y. Supp. 889; Spencer v. Citizens Mutual Life Ins. Association, 142 N. Y. 505, 37 N. E. 617), and manifestly it was prejudicial. Counsel for plaintiff failed to draw the attention of the court pointedly to the fact that the issues which were being submitted to the jury arose on the defenses, and to ask that the charge be corrected, or to take an exception.

[3] Where, however, a case has been submitted to a jury on an erroneous theory, and the ends of justice seem to require a new trial, this court may, even though no error is presented by exception, award a new trial. Gillett v. Trustees of Kinderhook, 77 Hun, 604, 28 N. Y. Supp. 1044; Gowdey v. Robbins, 3 App. Div. 353, 38 N. Y. Supp. 280; Leach v. Williams, 12 App. Div. 173, 42 N. Y. Supp. 574; Goldman v. Swartwout, 117 App. Div. 185, 102 N. Y. Supp. 302; Spencer v. Hardin, 149 App. Div. 667, 134 N. Y. Supp. 373. In view of all the circumstances to which reference has been made, we are of opinion that this is a proper case for the exercise of that discretionary power.

It follows that the judgment and order should be reversed, and a new trial granted, but without costs. All concur.