[Civ. No. 3351. First Appellate District, Division Two.—April 19, 1920.]

F. E. WRIGHT, Respondent, v. JAMES V. BALDWIN, Appellant.

[1] SLANDER—DAMAGES RECOVERABLE—MALICE—INSTRUCTIONS.—In an action for slander an instruction, in effect, that if the jury ·find that the defendant spoke the objectionable words of and concerning the plaintiff, they can award the plaintiff both compensatory and punitive damages, without regard to any consideration of malice or motive, but that they can decline to award damages for the alleged slander only in the event they should find that defendant did not utter the words charged of and concerning plaintiff, is prejudicially erroneous.

[2] ID.—EVIDENCE—PROOF OF MALICE.—Malice is always an issue in an action for slander where plaintiff seeks punitive damages, but such malice may be proved directly or indirectly by direct evidence of the evil motive or intent or by inferences which may be drawn from the facts proved.

[3] ID.—INFERENCE OF MALICE — PRESUMPTION — INSTRUCTIONS.— Although, in awarding punitive damages, the jury may infer malice from an unprivileged utterance of a false charge slanderous *per se,* such inference must be drawn by the jury from the facts proved; it is not a presumption of law which the court itself can make. Failure to so instruct the jury is error.

[4] MALICIOUS PROSECUTION — ADVICE OF COUNSEL — ERRONEOUS INSTRUCTION.—In an action for malicious prosecution an instruction that the jury should disregard the special defense of advice of counsel if they believe from the evidence that defendant did not state "to his attorney *or* to the district *or* deputy district attorney, *or any or either of them,* all the facts within his knowledge," etc., is erroneous in that it requires the jury to find that defendant made a full and fair disclosure of all the facts within his knowledge respecting the transaction complained of to each one of the three attorneys consulted by him, whereas proof of a full and fair disclosure of such facts to any one of the three would have been sufficient to sustain such defense if defendant acted upon the advice of the attorney to whom such disclosure was made.

APPEAL from a judgment of the Superior Court of Los Angeles County. Chas. Wellborn, Judge. Reversed.

The facts are stated in the opinion of the court.

Anderson & Anderson and Bert Campbell for Appellant.

John H. Miller and Edward C. Higgins for Respondent.

NOURSE, J.—This is an appeal by defendant from a judgment, following a verdict, entered against him in favor of plaintiff in a joint action for malicious prosecution and slander. The complaint contained four causes of action, three for malicious prosecution growing out of the arrest and trial of the plaintiff upon a charge of embezzlement and the fourth for slander growing out of statements alleged to have been made by the defendant in the courtroom of a justice of the peace who was conducting the preliminary hearing of the plaintiff upon the embezzlement complaint. Plaintiff was nonsuited on the second and third causes. The jury awarded him damages in the sum of six thousand dollars, with nothing in the verdict to indicate what portion was allowed on each cause of action or what portion was allowed for either compensatory or punitive damages.

Various grounds for reversal have been urged by appellant, the most patent objections going to the error of the trial court in instructing the jury. [1] Upon the cause of action for slander the court, after instructing the jury that the words charged as having been used were slanderous *per se* and that the first duty of the jury was to determine whether those words were used by the defendant of and concerning the plaintiff, gave the following instruction as to the damages which might be awarded under this cause of action: ''If you believe from the greater weight of the evidence that they were so used, your verdict will be for the plaintiff, and you will assess such a reasonable sum as his damages as in your sound discretion you believe from the facts and circumstances in evidence will be just and right, and . . . will compensate the plaintiff for the injury to his feelings, etc. . . . You may also allow such a temperate amount by way of punitive or exemplary damages as will serve to prevent or deter said defendant from committing a similar wrong hereafter. If you believe from the evidence that defendant did not utter the words charged in the complaint of and concerning plaintiff, you will, of course, award no damages therefor.''

The foregoing were the only instructions given by the court upon the cause of action for slander. All the other instructions related solely to the first cause of action for malicious prosecution. That these instructions failed to present the issues fairly to the jury cannot be doubted. The effect was that, if the jury found that the defendant spoke the objectionable words of and concerning the plaintiff, they could award the plaintiff both compensatory and punitive damages without regard to any consideration of malice or motive, but that they could decline to award damages for the alleged slander only in the event they should find that defendant did not utter the words charged of and concerning plaintiff. [2] Punitive damages being recoverable under section 3294 of the Civil Code, as punishment for the motive of the act complained of, after compensation for the injuries suffered by the act has been made, malice is essential to recovery. Such malice may be proved directly or indirectly by direct evidence of the evil motive or intent or by inferences which may be drawn from the facts proved. (*Davis* v. *Hearst,* 160 Cal. 143, 163, [116 Pac. 530].) Malice, therefore, is always an issue in an action for slander where plaintiff seeks punitive damages. [3] And though, in awarding punitive damages, the jury may infer malice from an unprivileged utterance of a false charge slanderous *per se,* such inference must be drawn by the jury from the facts proved; it is not a presumption of law which the court itself can make. The failure to so instruct the jury was error.

Criticism is also made of the instruction given at the request of the plaintiff relating to the special defense interposed by the defendant to the first cause of action that the prosecution was not instituted by him until after he had made a full and fair disclosure of all the facts relating thereto to counsel and had been advised by counsel that in his opinion plaintiff was guilty of the crime of embezzlement. The undisputed facts were that, prior to the institution of the criminal proceeding complained of, defendant consulted his own counsel and was by him advised that in his opinion the plaintiff was guilty of embezzlement; and that the defendant and his counsel then presented the facts in their possession to the district attorney of Los Angeles County, who gave defendant the same advice, but suggested that he also present

the facts to one of his deputies in order that a thorough investigation might be made before a warrant should issue for plaintiff's arrest. This was also done and the deputy district attorney gave defendant the same opinion as to plaintiff's guilt.

[4] The instruction complained of was that the jury should disregard said defense "if you believe from the evidence that the said defendant did not state to his attorney *or* to the district *or* deputy district attorney, *or any or either of them,* all the facts within his knowledge, . . . "

The vice of this instruction is that it required the jury to find that defendant had made a full and fair disclosure of all the facts within his knowledge respecting the transactions complained of to each one of the three attorneys consulted by him, whereas proof of a full and fair disclosure of such facts to any one of the three would have been sufficient to sustain this defense if defendant had acted upon the advice of the attorney to whom such disclosure was made.

Other errors complained of do not require discussion, as it is unlikely that they will occur upon a new trial.

For the reasons given the judgment is reversed.

Langdon, P. J., and Brittain, J., concurred.