JOHN DEVOY, Respondent, *v.* IRISH WORLD AND AMERICAN INDUS-TRIAL LIBERATOR CO., INC., and Another, Appellants.

First Department, March 7, 1924.

Libel — punitive damages can be awarded only where actual malice is shown — error to instruct jury to award punitive damages — error to charge that burden of proof was on defendants to establish lack of malice — appeal — exceptions — interest of justice requires new trial though exceptions not taken to charge — verdict cannot be considered as award of compensatory damages only.

Punitive damages cannot be awarded in an action for libel in the absence of proof of actual malice, and the mere presumption that an article which is libelous *per se* was published maliciously exists only so far as compensatory damages are concerned, and, therefore, it was error for the court to charge that the jury might award punitive damages, although there was no evidence of actual malice.

Furthermore, assuming that actual malice was shown, it was error for the court to instruct the jury that they should award punitive damages, since it is for the jury to determine whether or not such damages are to be given.

Likewise, it was error to charge the jury that the burden was upon the defendants to satisfy the jury that they had acted without malice in publishing the alleged libelous statement.

Notwithstanding the defendants did not except to the charge of the court, the errors referred to are such that they go to the very foundation of recovery, and in such case it is proper in the interest of justice to direct a new trial.

The verdict cannot be sustained on the ground that the amount awarded might well be considered as an award of compensatory damages only, in view of the erroneous charge by the court relating to punitive damages.

DOWLING and MCAVOY, JJ., dissent.

APPEAL by the defendants, Irish World and American Industrial Liberator Co., Inc., and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 15th day of June, 1923, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying the defendants' motion for a new trial made upon the minutes.

*Edwards, Murphy & Minton* [*William A. DeFord* of counsel; *J. T. Sturdevant* with him on the brief], for the appellants.

*Henry A. Wise* [*John J. Kirby* with him on the brief], for the respondent.

Finch, J.:

The complaint charged the defendants with the publication of a newspaper containing a libelous article concerning the plaintiff. Said article was libelous *per se.* The answer admitted the publication of the article, but otherwise denied the allegations of the complaint, and as defenses set up the truth in justification, privilege and facts in mitigation of damage. The plaintiff introduced in evidence the article complained of, read it to the jury, and rested. Defendants' counsel then moved to dismiss the complaint upon the ground that no cause of action had been established, which motion was denied, whereupon the defendants rested without any attempt to substantiate their defenses and counsel summed up. The court then charged the jury, in effect, that the plaintiff was entitled to compensatory damages, and also to punitive damages in such an amount as the jury might determine, unless the defendants satisfied the jury that the article was true or that they had acted without malice in publishing it.

This was an erroneous statement of the law, since, although the fact of the article being libelous *per se* creates a presumption of both falsity and malice, such presumption is one of law only, and exists only in so far as compensatory damages are concerned. Such presumption has served its purpose after compensatory damages have been awarded, and punitive damages cannot be allowed unless the plaintiff adduces evidence affirmatively showing that the defendant had actual malice. As was said by Mr. Justice Clarke (now presiding justice) in *Carpenter* v. *N. Y. Evening Journal Pub. Co.* (111 App. Div. 266, 269): " It is said that upon proof of the publication of defamatory matter and of its application to the plaintiff, if it be unprivileged and libelous *per se*, the falsity of the article and the malice in its publication are presumed. Upon proof of publication and application the plaintiff may rest. With that proof and those presumptions he has made out his case and is entitled to such sum as the jury may give by way of compensation for the injury inflicted. * * * When a plaintiff demands damages beyond compensation something more is demanded of him than when he asks merely to be made whole. He must prove something to justify punishment by increased smart money for himself. The so-called implied malice and the implied falsity are enough to secure compensation. It seems that having obtained that they are *functus officio.*"

The plaintiff may prove malice in fact by showing actual hostility or ill will, or that the defendant acted in utter disregard of whether the article was false, or upon proof by plaintiff that the article was false in fact, in which latter event the article itself may constitute sufficient evidence of malice on the part, of the defendant. (*Carpenter* v. *N. Y. Evening Journal Pub. Co., supra; Amory* v. *Vreeland,* 125 App. Div. 850; *Crane* v. *Bennett,* 177 N. Y. 106.)

Moreover, even assuming that there was evidence in the case to sustain a verdict for punitive damages (which there was not), it was error to instruct the jury to award such damages in some amount. Whether punitive damages shall be awarded is a matter entirely within the discretion of the jury, and not a matter of right in the plaintiff. (*Crane* v. *Bennett, supra.*)

Moreover, even assuming that there was any evidence of actual malice, there was error in charging the jury that the burden of proof was upon the defendants to establish that they acted without malice. As stated, proof of actual malice, in so far as punitive damages are concerned, is an essential part of the plaintiff's case, upon which the burden of proof never shifts. In *Cohalan* v. *N. Y. Press Co.* (212 N. Y. 344) the correct rule of law was stated to be as follows: " In order to justify the jury in awarding a sum beyond mere compensation, the plaintiff must establish the fact of actual malice, and must do so by a fair preponderance of evidence."

No exceptions were taken to the charge of the court, as aforesaid, but the errors referred to are such that they go to the very foundation of the recovery. In such case it is proper, in the interest of justice, to direct a new trial. (*Swift* v. *Poole,* 172 App. Div. 10.) The respondent urges that the verdict of $25,000 might well be considered an award of compensatory damages only. In this connection, however, the expression of the Court of Appeals in the case of *Cohalan* v. *N. Y. Press Co.* (212 N. Y. 344), where the plaintiff recovered a verdict of $10,000 for the publication of a newspaper libel in derogation of his character and motives as a public officer, is in point. The court said: " The case being one in which the jury had the right to award punitive damages if the libel was found to be malicious, it is obviously important that there should be no uncertainty in the statement of the law applicable to that question. Upon that subject the prevailing opinion below expressed a view that might lead to confusion if permitted to go uncorrected. It is to the effect that, even though there was error in the charge on the question of punitive damages, the judgment may be affirmed because the verdict was not so large as to indicate

that it included punitive damages. We cannot concur in this view. If carried to its logical conclusion it would authorize an appellate court to overlook any error in a charge on the subject of punitive damages in a case of libel, whenever the verdict happens to be so moderate that it apparently includes no punitive damages. Neither the Appellate Division nor this court has any such plenary power."

It follows that the judgment and order appealed from should be reversed, the verdict set aside, and a new trial ordered, with costs to the appellants to abide the event.

CLARKE, P. J., concurs; DOWLING and MCAVOY, JJ., dissent.

MARTIN, J. (concurring):

I concur in the opinion of Mr. Justice FINCH. I am also of opinion that the judgment should be reversed upon the additional ground that there was a failure to prove upon the trial that the alleged libel was published of and concerning the plaintiff. (_Hauptner_ v. _White_, 81 App. Div. 153.)

Judgment and order reversed and new trial ordered, with costs to appellants to abide the event.