THE MERIDEN GRAVURE COMPANY, Respondent, *v.* ARTHUR J. BEDELL, Appellant.

Third Department, May 13, 1931.

*Rosendale, Dugan & Haines* [*P. C. Dugan* of counsel], for the appellant.

*Hun, Parker & Reilly* [*Michael D. Reilly* and *Herbert D. Hamm* of counsel], for the respondent.

WHITMYER, J. The action is for the recovery of the sum of $5,347.50, with interest, as the contract price for a certain number of print reproductions of eye subjects, which plaintiff agreed to make for defendant.

The contract was made February 18, 1928, and was for 2,000 reproductions of each of 93 subjects, at $57.50 per subject, or $5,347.50 in all. Plaintiff was to furnish the reproductions which were " to match quality of last proofs submitted." Defendant was " to furnish negatives as agreed upon with Mr. Glenn," referring to an agreement of Glenn with plaintiff, whereby plaintiff was to pay him $7.75 per subject commission.

Defendant, an eye specialist, was preparing a book and had taken about 12,000 photographs of the inside of eyes, prints of which he desired to show. Whenever he took a photograph, he sent the film to his photographic representative, Glenn, for development of a negative for each photograph, from which plaintiff was to make the reproductions or prints.

Full performance is the basis of the complaint. That is denied in the answer and, in a counterclaim, defendant sets up the failure of plaintiff to make reproductions of the quality specified and claims damages, which counterclaim is denied by plaintiff in a reply.

The evidence for plaintiff was to the effect that the reproductions were the best that could be produced from the negatives. The evidence for defendant was to the effect that the quality of the work was not equal to the last proofs submitted.

There was no evidence of any defects in the negatives and defendant's photographic representative testified, and it was not denied, that plaintiff's president told him that the negatives " were

the most even and best lot of negatives he ever had in his plant." Further, in a letter, dated May 5, 1928, plaintiff admitted that the prints were poor in quality and " that the poor quality extends through the entire run, due to a fault in the plate." And plaintiff made the plate.

The negatives were in two sets or series, Nos. 1 and 90 (two in number), in the first, furnished before the contract was made, and Nos. 1 to 93, inclusive, in the second, furnished after the contract was made.

According to plaintiff, proofs from negatives Nos. 1 and 90 were the last ones submitted. A number of prints had been made therefrom before the contract was signed, but had been rejected.

According to defendant, proof of negative No. 1 was the only one submitted to him and was the one he selected. It is plaintiff's Exhibit No. 5.

The proofs from Nos. 1 and 90 differed from each other in quality and there was evidence that the one from No. 90 was inferior to the other.

Proof from No. 90 was not produced on the trial. Plaintiff's representative said that he delivered it to defendant's photographic representative and did not see it after that. Plaintiff's president said that it was destroyed in the change of plaintiff's filing system. And he could not say, definitely, whether or not plaintiff's Exhibit No. 5 was selected as the standard "of last proofs submitted." Defendant's photographic representative said that he did not show it to defendant, but returned it to plaintiff's representative, so far as he knew. Defendant said that he never saw it and selected the proof from No. 1, plaintiff's Exhibit 5, as the standard.

It is true, by the contract, the reproductions or prints were " to match quality of last proofs submitted " and there was evidence that proofs from Nos. 1 and 90 were submitted to defendant's photographic representative, but there is no evidence that defendant ever saw it. On the contrary, the evidence is that it was returned to plaintiff.

Relying upon performance, it was plaintiff's duty to prove it and no inference may be drawn in favor of plaintiff, by reason of defendant's failure to produce proof from No. 90.

The evidence shows that plaintiff's Exhibit No. 5 was to be the standard.

Plaintiff did not show performance. It produced some evidence that the reproductions or prints were as good as could be produced from the negatives.

For defendant, the evidence was to the effect that the reproductions or prints were inferior to the negatives.

At the end of plaintiff's case and, again, at the end of the evidence, defendant moved for a nonsuit, on the ground that plaintiff had not proved its cause of action. The motion was denied and defendant excepted. He did not move for the direction of a verdict in his favor on the complaint or on his counterclaim.

On the trial, at the end of plaintiff's case, in reference to the respective claims, the court stated that it was plaintiff's claim that it did the best work possible from the negatives submitted, and that it was defendant's claim that the quality of the work done was not that of the last proofs submitted. The parties agreed to the statement.

In the charge the court first stated the respective claims in practically the same way, and then charged "so if you find that there is any wrongful act or omission on the part of one of the parties, or his authorized agent, which prevents the performance of the contract by the other party, that omission excuses the latter from a full performance of it," and again, "if you believe that they [meaning the plaintiff] met the quality of the sample, then they would be entitled to recover their contract price," $5,347.50.

While deliberating, the jury came out for further instructions and, in response to a request, were instructed that a finding might be made for either party in any just, fair and reasonable amount. Thereupon, a verdict for $3,000 was rendered in favor of plaintiff.

Defendant's trial counsel was not present at the time and no exception to the change in the charge was taken for defendant, but a motion to set aside the verdict and for a new trial was made and was denied.

The finding of the jury is equivalent to a finding that plaintiff did not perform its contract and, so, is inconsistent with the allegations of the complaint and with the evidence. Although no exception was taken for defendant, the denial of the motion to set aside the verdict and for a new trial brings up the whole case for review. (*Alden* v. *Knights of Maccabees*, 178 N. Y. 535, 541; *Miller* v. *Barnett*, 158 App. Div. 862, 868; *Raible* v. *Hygienic Ice & Refrigerating Co.*, 134 id. 705, 708; *Swift* v. *Poole*, 172 id. 10, 13; *Devoy* v. *Irish World & Am. Industrial L. Co., Inc.*, 208 id. 319, 321.)

It is not claimed that the cause of action alleged was proved. The evidence for plaintiff was, only, to the effect that plaintiff did the best work that it could do from the negatives submitted, but there was no evidence that the negatives were defective. And the effect of the charge was that the jury might find that plaintiff had performed, if it had done the best work it could from the negatives.

But proof that the reproductions or prints were as good as

could be produced from the negatives did not satisfy the allegation of performance. (*La Chicotte* v. *Richmond R. & El. Co.*, 15 App. Div. 380, 384; *Todd* v. *Union Casualty & Surety Co.*, 70 id. 52, 55; *Glacius* v. *Black*, 50 N. Y. 145, 148; *Jankowitz* v. *Manhattan Swiss Embroidery Co., Inc.*, 196 App. Div. 22, 28; 6 R. C. L. § 331, p. 951.)

And there was no allegation or proof of waiver of performance or of excuse for non-performance, nor was a motion made to conform the pleadings to the proof.

Under the complaint, a recovery by plaintiff cannot be sustained.

The judgment should be reversed on the law, with costs and disbursements, and the complaint should be dismissed, with costs, but without prejudice.

All concur, except HILL, J., who votes to reverse judgment and order and for a new trial, on the ground that the verdict is against the weight of the evidence.

Judgment and order reversed on the law, with costs, and complaint dismissed, with costs, without prejudice.