CATERINA ZEFFIRO et al., Appellants, Impleaded with Another, *v.* DANIEL PORFIDO et al., Respondents, Impleaded with Others.

First Department, December 11, 1942.

*Milton H. Mandel* (*Benjamin H. Siff* with him on the brief), for appellants.

*Edward J. O'Brien* of counsel ( *Bonney & O'Brien,* attorneys), for respondents.

DORE, J. On this appeal in an action for personal injuries, plaintiffs ask reversal of the jury's verdict in defendants' favor and a new trial on the ground that the court committed prejudicial error in the charge and that the verdict is contrary to the evidence.

On June 16, 1938, the two women plaintiffs were passengers in a taxicab owned by defendant Porfido and driven by defendant Centonza. The taxi driver admitted that when plaintiffs entered the cab they asked him to drive slowly as one of them was ill and being taken to a hospital. Concededly the cab came to a sudden stop behind a truck at Fifteenth street and Union Square, Manhattan, and the passengers were thrown from their seats. This suit is against the owner and driver of the cab for

the injuries and expenses claimed to be caused thereby. An action against the truck owner was discontinued.

Newman, the truck driver, testified that while he was driving north in the middle of the block between Fourteenth and Fifteenth streets and Union Square, the traffic light changed to red; that he rolled slowly to the corner of Fifteenth street and Union Square and stopped; that thereafter another truck came alongside of him and stopped; that when the light changed and he was ready to go, he heard the sound of a car coming to a sudden stop behind him, and that he got off the truck and saw the two women in defendants' cab, one of them bleeding.

The taxi driver said he was driving north between Fourteenth and Fifteenth streets about eight feet behind the truck at a speed of fifteen miles an hour. He admitted he made a sudden stop but claimed he was compelled to do so because the truck driver had stopped suddenly directly in front of him without warning. First he testified he did not know if the lights had changed when the truck stopped; later, to a leading question, he said the light was green in his favor when the accident happened, but to the very next question by the court, he stated he could not say definitely. A police officer testified that immediately after the accident the taxi driver had told him he made a sudden stop but the officer could not recall that he mentioned anything else. The two passengers also testified to a sudden and violent stop and to their claimed injuries.

The court properly charged the jury that plaintiffs, passengers in the cab, were not chargeable with any contributory negligence. But he also charged twice that plaintiffs had the burden of proving that the accident happened and the injuries resulted '' solely because of the negligence of the operator of the taxi-cab.'' The charge was clearly erroneous on the fundamental issue of law presented. Plaintiffs were also entitled to recover if the jury found that the driver of the truck and the driver of the taxi were both negligent, and that such negligence caused or contributed to cause the accident. Under the instruction given, even though the jury may have found the taxi driver grossly negligent, they were compelled to find against plaintiffs if they also found that the truck driver was negligent and that his negligence also contributed to the accident.

Although no exception was taken, the denial of plaintiffs' motion to set aside the verdict and for a new trial brings up the whole record for review on this appeal (Civ. Pr. Act, § 580) and the error was so fundamental that in the interest of justice it is proper to reverse and direct a new trial (*Devoy* v. *Irish*

*World & Am. Industrial L. Co., Inc.,* 208 App. Div. 319, 321; *Swift* v. *Poole,* 172 App. Div. 10, 13, [First Dept.]; *Goodheart* v. *American Airlines, Inc.,* 252 App. Div. 660, 663 [Second Dept.]; *Meriden Gravure Co.* v. *Bedell,* 232 App. Div. 454, 457; *Raible* v. *Hygienic Ice & Refrigerating Co.,* 134 App. Div. 705, 707 [Third Dept.]), especially where as here we also find the verdict against the weight of the evidence. ·

The judgment appealed from should be reversed and a new trial ordered with costs to the appellants to abide the event.

MARTIN, P. J., TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Judgment unanimously reversed and a new trial ordered with costs to the appellants to abide the event.