[Civ. No. 22922.   Second Dist., Div. Three.   Apr. 17, 1959.]

CHARLES D. RUDOLPH, Plaintiff and Appellant, v. JOHN J. GORMAN et al., Defendants; MILTON S. KOBLITZ, Defendant and Appellant.

S. L. Kurland for Plaintiff and Appellant.

Sidney Dorfman for Defendant and Appellant.

SHINN, P. J.—In a jury trial of a libel action against Milton S. Koblitz and others, plaintiff was awarded $150,000 compensatory damages and $100,000 punitive damages against Koblitz and judgment was entered on the verdict. No special damages were sought. Koblitz made a motion for new trial, which was granted by the court upon the grounds of excessive damages and error in the giving of certain instructions.

Plaintiff appeals from the order granting defendant a new trial and defendant appeals from the judgment.

Plaintiff was president of Timm Aircraft Corporation and of Timm Industries, Inc., a wholly owned subsidiary. Defendant owned 65,000 shares of Timm Aircraft stock and from 1950 to 1953 he was director of both corporations. In 1954, a stockholders' protective committee was organized and obtained a license from the commissioner of corporations. The purpose of the committee was to obtain proxies, elect a new board of directors and to remove plaintiff from the management of the company.

On September 4, 1954, the committee mailed to the 2,800 stockholders of Timm Aircraft the four-page circular which is the subject of the present action. Copies were sent to the Wall Street Journal and to several Los Angeles newspapers, which printed a summary of the circular. It is sufficient to say of the publication that it accused plaintiff, among other things, of deliberately falsifying the company's 1952 annual report by listing $48,000 in accounts receivable as cash, using company funds without authorization to purchase an automobile for his personal use, voting for a dividend of 2 cents a share for the purpose of avoiding a proxy fight, even though in 70 per cent of the cases the cost of issuing the dividend checks exceeded the amount of the dividend, and various acts of incompetence, mismanagement and disloyalty to the company and its founder, Mr. Timm. Defendant was treasurer of the stockholders' committee. He was consulted as to a substantial part of the contents of the circular before it was composed and he gave his approval.

It is not contended on the appeal of Koblitz that he was without responsibility for the publication of the circular. He alleged in his answer upon information and belief that the charges contained in the circular were true and that the publication was privileged. After a lengthy trial, the jury found against those defenses and awarded plaintiff a quarter of a million dollars in damages.

The order granting the new trial stated as reasons therefor that "The award of $150,000 general damages and the award of $100,000 punitive damages are so grossly excessive as to appear to have been given under the influence of passion and prejudice (CCP 657, subd. 5)" and "Insufficiency of the evidence to support and justify the verdict of $150,000 general damages, and $100,000 punitive damages (CCP 657, subd. 6)."

In his opening brief plaintiff does not even mention the ground of excessive damages. In his closing brief he merely argues that the damages were not "excessive as a matter of law and did not indicate a showing of passion or prejudice." In support of this assertion he cites cases in which substantial judgments in libel cases were affirmed upon appeal. He ignores altogether the rules which guide the trial court in the exercise of its duties in ruling upon motions for a new trial, chief among which is the requirement that the court grant the motion when convinced that the verdict is against the weight of the evidence. He makes no attempt to show that the court was guilty of an abuse of discretion in granting the motion for insufficiency of the evidence to justify the award of damages. This calculated evasion of a controlling question in the case renders the appeal little short of frivolous.

██ Where excessive damages appear to the court to have been awarded by the jury in a libel case as the result of passion or prejudice, the court is warranted in ordering a new trial, and the order will not be disturbed by a reviewing court in the absence of an abuse of discretion. (*Bonner* v. *Los Angeles Examiner*, 17 Cal.App.2d 458 [62 P.2d 427].)

██ There was, in our opinion, no abuse of discretion. It was the court's duty to grant relief from the judgment if the court was convinced that the amount of the verdict was excessive and contrary to the weight of the evidence. During the argument on the motion the court stated that in the court's opinion $15,000 would have been adequate as compensatory damages and $45,000 as punitive damages. Moreover, the court stated reasons for believing that the jurors had developed a prejudice toward defendant. Although these appear to have been cogent reasons we need not relate them. We have no hesitation in holding that the order granting a new trial must be affirmed upon the ground of damages largely in excess of amounts which the court believed had support in the evidence.

██ Inasmuch as we find error in the giving of certain instructions which may recur upon a retrial of the case we deem it appropriate to discuss those instructions. (Code Civ. Proc., § 53.) The first one reads as follows: "You are instructed that Plaintiff's Exhibit No. 1, the defamatory publication which is the subject of this lawsuit, is libelous on its face, that is libelous *per se.*" Defendant contends that this instruction removed from the jury essential factual questions,

namely, whether the publication was false and whether it was privileged. This contention is meritorious. The instruction could have caused the jury to believe that the publication was false in its entirety. It was for the jury to determine what portions were false and what portions, if any, were true and to measure the damages accordingly. By other instructions the court properly submitted to the jury the question of privilege, but the criticized instruction could have been understood as removing the question from the jury's consideration.

We see no ground of distinction between the instruction which stated that the publication in question was a libel on its face and the instruction given in *Nova* v. *Flaherty*, 145 Cal. App.2d 761 [303 P.2d 382], that the statements in question were libelous as a matter of law, which was held to be error. The purport of each instruction was to remove from the jury the questions of falsity and privilege. Although in the present case by other instructions the court submitted those questions to the jury, the same was true of the instructions given in the Nova case, but the court held that the erroneous instructions and the correct ones were conflicting, and that since the jury might as well have followed the erroneous instructions as the correct ones, the error was prejudicial. Upon a retrial the questions of falsity and privilege should again be submitted to the jury under proper instructions.

The court also instructed: "In the case of a false and unprivileged publication, libelous *per se*, malice is implied." This was error.

Section 3294, Civil Code, reads: "In an action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, express or implied, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant." Prior to 1905, the section used the words "malice, actual or presumed." By amendment in that year the wording was changed to "malice, express or implied." "Malice is never presumed. When plaintiff seeks exemplary damages plaintiff has the burden of proving malice." (Hall, *Proof in Libel Actions*, 24 S. Cal. L. Rev., p. 339, citing (p. 351) *Hearne* v. *De Young*, 132 Cal. 357 [64 P. 576]; *Davis* v. *Hearst*, 160 Cal. 143, 166 [116 P. 530]; *Wright* v. *Baldwin*, 47 Cal.App. 147 [190 P. 377]; *Todd* v. *Every Evening Printing Co.*, 22 Del. (6 Penn.) 233 [66 A. 97]; *Cohalan* v. *New York Press Co.*, 212 N.Y. 344 [106 N.E. 115].)

The law is that actual malice may be inferred from a

defamatory publication that is false and unprivileged. It is not the law that such a publication necessarily implies the existence of malice. As said in *Davis* v. *Hearst, supra,* "The truth is that malice in fact is never presumed, but is always to be proved, and the utmost limit of the law is reached when it is declared that by proof of the unprivileged character of the publication, libelous *per se*, the jury may infer the existence of this malice." Upon a retrial of the action the instruction should not be given.

Over defendant's objection, the verified complaint in a separate action entitled *Koblitz* v. *Rudolph et al.*, was received in evidence as an exhibit. The complaint reiterated many of the charges contained in the circular. The jury was instructed to consider the complaint "only on the issue of the existence of malice in fact by the defendant Koblitz against the plaintiff Rudolph; on the issue of whether or not the defendant Koblitz thereby ratified the publication of Plaintiff's Exhibit No. 1, and finally on the issue of the credibility of Koblitz, as a witness."

It is forcibly contended by defendant that the contents of the complaint were privileged under section 47, subdivision 2, of the Civil Code. We need not decide this question. We believe that upon a retrial plaintiff will find it unnecessary and inadvisable to offer the complaint in evidence.

The final contention of appellant is that Judge Brandler, who presided at the trial and at the hearing of the motion for a new trial, was disqualified from ruling upon the motion. In 1951, the firm of Loeb and Loeb were attorneys for Judge Brandler, who was then a deputy district attorney, in an uncontested action for divorce between Brandler and his then wife, and Sidney Dorfman, who was an employe of the firm, represented Brandler as his attorney. Concurrently with the noticing of a motion for a new trial, Mr. Dorfman was associated with Dockweiler and Dockweiler as counsel for Koblitz. After the notice of intention was filed but before the argument, plaintiff's attorney learned that Mr. Dorfman had represented Brandler in the divorce case. Upon the argument he stated that the fact of the former relationship had been brought to his attention and after the court had granted the motion he suggested that Judge Brandler should have considered himself disqualified to act upon the motion. The motion for a new trial was argued at length. On January 9th, the court discussed the points urged in support of the motion and announced that a new trial was granted upon the grounds

we have heretofore stated. There was also extensive argument January 16th on plaintiff's motion that the court reconsider its ruling on the motion for a new trial. No affidavit of disqualification was ever filed as required by section 170.5 of the Code of Civil Procedure. It appears to be assumed by plaintiff that bias and prejudice were shown to exist solely by reason of the fact that Mr. Dorfman had some five years earlier represented the judge in a divorce suit. We are asked to hold as a matter of law that this former relationship alone disqualified the judge from ruling on the motion. No precedent is cited in support of this contention. We thoroughly agree with the statements in the cases that are cited that a judge should so conduct himself as to afford no cause whatever for even a suspicion that in the course of his judicial duties he has been subject to influences which would taint his decisions with partiality or animosity for or against any party, or would reflect in any manner upon his integrity or his ability and willingness to fairly and honestly perform his judicial duties. In presenting this point plaintiff makes no reference to the record which tends in the slightest to support his contention of bias upon the part of the judge. He refers to nothing in the record which tends in any degree to show that the rulings of the court were not made dispassionately and with a full understanding of the evidence in the case and the applicable rules of law. There is nothing of this nature in the record to which he could point. Upon the contrary, it is shown that the court gave due consideration to the arguments of counsel for plaintiff and stated fully the court's reasons for concluding that error had been committed and that the verdict was in an excessive amount. The mere fact that Mr. Dorfman was called into the case and given the responsibility of presenting the motion for new trial had no tendency to support the argument of the plaintiff. Koblitz was at first represented by the firm of Thelen, Marrin, Johnson and Bridges. Later Philip N. Gepner and Robert M. Fox succeeded them. Koblitz caused himself to be substituted as his own attorney and thereafter substituted the firm of Dockweiler & Dockweiler in his stead. He was naturally disappointed with the result of the trial, and there was nothing unusual in his seeking other counsel. Mr. Frederick Dockweiler was relieved upon his own motion. Koblitz had previously been represented by Mr. Dorfman in other litigation. Mr. Dorfman's employment was suggested by Mr. Fox, another attorney, who represented a company in which Koblitz was interested. Moreover, the trial judge was

in a difficult position. It was the right of the parties to have him pass upon the motion for new trial. No other judge could have gained the same understanding of the merits of the case or been as well qualified as was the trial judge to rule upon the motion.

One cannot read the record without being impressed by the fact that Judge Brandler gave fair and judicial consideration to the contentions of the parties as they bore upon the merits of the motion for a new trial. There was no legal disqualification and no basis whatever in the record to indicate that the court's ruling was hasty, ill-considered or capricious. We are convinced that the ruling was correct. The court undoubtedly had sound reasons for holding that the damages were excessive. There was error in the giving of instructions which the court deemed prejudicial. Under these circumstances it had a duty to grant the motion.

The order is affirmed and the appeal from the judgment is dismissed.

Vallée, J., and Wood (Parker), J., concurred.