Glennie M. Van, as Guardian ad Litem of Myra Van, an Infant, et al., Appellants, *v.* Booker T. Clayburn et al., Respondents.

First Department, May 5, 1964.

*Mortimer Schulman* for appellants.

*Harold M. Harkavy* of counsel (*Simone, Brant & Stanisci,* attorneys), for respondents.

WITMER, J. In this negligence action the court tried the issue of liability only, and the jury rendered a verdict for the defendants. The facts presented on the trial fully justify the verdict; and it may well be doubted that the plaintiffs can succeed upon a new trial. Nevertheless, the errors committed by the court in its charge are so prejudicial to the plaintiffs-appellants, and go so directly to the heart of a vital issue which they had the burden to prove, that a new trial must be granted.

The infant plaintiff, Myra Van, was six and one-half years old at the time of the accident. At mid-day on April 22, 1961 an ice cream vending truck stopped across the street from plaintiffs' residence; and Myra with another little girl came to her mother, the plaintiff Glennie Mae Van, on the steps of their home, for money to buy ice cream cones. The mother gave money to the children who then crossed the street and bought cones. As Myra passed in front of the ice cream truck to return home she was injured by the defendants' vehicle which was driving past.

The court charged the jury that if they should find that Myra's mother was negligent in permitting Myra to cross the street as she did, the negligence of the parent would be imputed to the child, and the jury must find for the defendants. This charge was directly contrary to the law. (Domestic Relations Law, § 73; *De Marco v. City of Albany,* 17 A D 2d 250, 252; *Corveddu v. Blumner,* 10 A D 2d 712), and constitutes reversible error.

At the request of the defendants' counsel the court also charged certain traffic regulations of the City of New York, namely, sections 41 (subd. [c]) and 42 (subd. [a]), which are

adaptions of sections 1151 (subd. [b]) and section 1152 (subd. [a]) of the Vehicle and Traffic Law respectively.

These charges were given in the following language:

"No pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of any vehicle which is so close that it is impossible for the driver to yield" and

"Every pedestrian crossing a roadway other than within a marked or unmarked crosswalk shall yield the right of way to all vehicles upon the roadway".

The court had previously charged that "the child is held to that degree of care commensurate with the child's years and discretion, that is, that degree of care which may reasonably be expected of a child of similar age and discretion"; and after charging the above traffic regulations the court added "if you find upon your consideration of all the testimony that there has been a violation of those sections then you may take into consideration such violations of those sections as some evidence of negligence".

The court failed to charge the jury that in order to be binding upon plaintiffs such violations must have been a proximate cause of the accident, and failed to explain the meaning of "yield the right of way". More than that, the court failed to take cognizance of the difference in application of the rule respecting the violation of a statute, ordinance or regulation in a case where a child is involved.

The court should have instructed the jury that although violation of the regulations by an adult plaintiff would constitute evidence of negligence (see *Martin* v. *Herzog*, 228 N. Y. 164, 169) if such violation were a proximate cause of his injury, where the violation is by an infant plaintiff, it is a question of fact for the jury to determine whether or not the infant will be charged with the violation; that if the jury find that the infant, on the basis of her age, experience, intelligence and development, had the mental capacity to understand the meaning of the regulations and to comply therewith, the violation thereof by her would be evidence of negligence on her part; but on the other hand that if the jury find that the infant lacked the mental capacity to understand their meaning and to comply with them, the jury should not charge her in any respect for their violation. (*Chandler* v. *Keene*, 5 A D 2d 42, 45; *Locklin* v. *Fisher*, 264 App. Div. 452, 454–455.) Since the infant was only six and a half years old at the time of this accident, the failure to make the foregoing explanation to the jury constitutes reversible error.

At the request of the plaintiffs the court also charged the jury that where a motorist has reason to believe that children are playing in the street he must proceed with "extreme care". Such charge has been held to be erroneous (*Quarcini* v. *Blackwell*, 10 N Y 2d 843); and it should not be made in that form upon the new trial (see *Stein* v. *Palisi*, 308 N. Y. 293, 297).

Although the attorney for the plaintiffs took no exception to the instructions made against his client as stated above, and indeed made no mention of them in his brief on this appeal, they constitute such serious errors that the court is impelled to reverse and grant a new trial in the interest of justice. (*Devoy* v. *Irish World & Amer. Ind. Liberator Co.*, 208 App. Div. 319; *Peerless Cas. Co.* v. *Bordi*, 6 A D 2d 21, 25; *Winser* v. *Trombley*, 14 A D 2d 963.)

The judgment appealed from should, therefore, be reversed, on the law, and a new trial ordered, with costs to abide the event.

STEUER, J. (dissenting). We would affirm.

It is not disputed that the errors in the court's charge, if attention were directed to them by exception or request, might well constitute grounds for reversal. However, plaintiffs' counsel indicated no dissatisfaction with the charge when given. And even on this appeal no claim of error in the charge is made as to the matters referred to in the majority opinion. Certain objections to the charge were claimed on the brief and in oral argument, but as to these we are all in accord that none of them constituted error. The conclusion is inescapable that plaintiffs were in all other respects satisfied with the charge as given.

The gist of plaintiffs' appeal is that the verdict was against the weight of evidence. There is no dispute but that on the evidence a verdict for the defendants was well warranted. This is the only question that has been raised before us. Undoubtedly, had the trial court set the verdict aside on this ground we would not approve. Consequently, we should affirm.

VALENTE, J. P., and McNALLY, J., concur with WITMER, J.; STEUER, J., dissents in opinion, in which STEVENS, J., concurs.

Judgment reversed, on the law, and a new trial ordered, with costs to abide the event.