In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin, J.), dated July 5, 2011, which granted that branch of the motion of the defendants Metropolitan Transportation Authority, New York City Transit Authority, Empire Paratransit Corp., and Jean Ambroise which was for summary judgment dismissing the complaint insofar as asserted against them.
Ordered that the order is reversed, on the law, with costs, and that branch of the respondents’ motion which was for summary judgment dismissing the complaint insofar as asserted against them is denied.
On November 7, 2008, the plaintiff was a passenger in an “Access-A-Ride” vehicle operated by the defendant Jean Ambroise and owned by the defendant Empire Paratransit Corp. (hereinafter Empire) when that vehicle was hit in the rear by a vehicle owned and operated by the defendant Kayode C. Adebowale. The plaintiff testified at her deposition that, immediately prior to the collision, Ambroise “jammed on the brakes.” The plaintiff tried to brace herself by placing her left hand against the back of the seat directly in front of her. However, when the vehicle “jerked back,” the plaintiff’s arm “slipped” and she injured her shoulder. After the Access-A-Ride vehicle came to a stop, it was hit in the rear by the vehicle operated by Adebowale, causing an injury to the plaintiffs neck. In an order dated July 5, 2011, the Supreme Court granted that branch of the motion of the defendants Metropolitan Transportation Authority, New York City Transit Authority, Empire, and Ambroise (hereinafter collectively the respondents) which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that the Access-A-Ride vehicle was stopped when it was struck in the rear by Adebowale’s vehicle. The plaintiff appeals and we reverse.
Contrary to the Supreme Court’s determination, the respondents failed to establish their prima facie entitlement to judgment as a matter of law. In support of their motion, the respondents submitted, among other things, the plaintiffs deposition testimony, and argued that they were entitled to summary judgment because this was a rear-end collision case, and the rearmost driver was presumed to be negligent. However, as *715 the plaintiff correctly contends, the respondents failed to address the issue of whether Ambroise was negligent in coming to a sudden stop, which allegedly resulted in an injury to the plaintiff’s shoulder (see Mignery v Gabriel, 2 AD2d 218, 222 [1956], affd 3 NY2d 1001 [1957]; Zeffiro v Porfido, 265 App Div 185, 186 [1942]; Kass v Silverstein, 21 Misc 2d 99, 99-100 [1959]). Since the respondents’ submission left unresolved material issues of fact regarding the negligence of Ambroise, if any, the Supreme Court should have denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them (see Medley v County of Westchester, 36 AD3d 868, 869 [2007]; see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Skelos, J.P., Florio, Eng and Roman, JJ., concur.